· ORIGINAL ●

CARLSMITH BALL LLP

DAVID LEDGER
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Japan Airlines International Co., Ltd.

FILED
DISTRICT COURT OF GUAM

JUL 1 6 2004

MARY L. M. MORAN
CLERK OF COURT

3

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ROBERTO J. DEL ROSARIO and MELANIE DEL ROSARIO, <br><br> Plaintiffs, <br><br> vs. <br><br> JAPAN AIRLINES INTERNATIONAL CO., LTD., <br><br> Defendant. | CIVIL CASE NO. CIV04-00028 <br><br> **DEFENDANT JAPAN AIRLINES INTERNATIONAL CO., LTD.'S ANSWER TO COMPLAINT; DECLARATION OF SERVICE** |

### DEFENDANT'S ANSWER TO COMPLAINT

1.      Paragraph 1 regarding federal question jurisdiction is admitted.

2.      Paragraph 2 regarding citizenship and residency of Plaintiffs is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

3.      Japan Airlines International Co., Ltd. admits it is a corporation authorized to conduct airline transportation operations in Guam.

4.      Paragraph 4 is denied.

5.      The forgoing paragraphs 1 - 4 are by reference re-stated here in answer to Paragraph 5.

6.      Japan Airlines admits that on July 20, 2002 it operated flight No. JO981 and that the passengers on board were entitled to due care. All other allegations not specifically admitted are denied.

7.      Japan Airlines admits that on July 20, 2002 it operated flight No. JO981 and that the passengers on board were entitled to due care. All other allegations not specifically admitted are denied.

8.      Japan Airlines admits that on July 20, 2002 it operated flight No. JO981 and that the passengers on board were entitled to due care. All other allegations not specifically admitted are denied.

9.      Japan Airlines admits that on July 20, 2002 it operated flight No. JO981, that the passengers on board were entitled to due care and that Robert J. Del Rosario was one such passenger. All other allegations not specifically admitted are denied.

10.     Japan Airlines admits that on July 20, 2002 it operated flight No. JO981 and that Robert J. Del Rosario was on board. All other allegations not specifically admitted are denied.

11.     Paragraph 11 is denied.

12.     Paragraphs 12(a) - (e) are denied.

13.     Paragraph 13 is denied.

14.     Paragraph 14 is denied.

15.     Paragraph 15 is denied.

16.     Paragraph 16 is denied.

17. Paragraph 17 is denied.

18. Paragraphs 18 (a) - (d) are denied.

19. Paragraph 19 is denied.

20. The forgoing paragraphs 1 - 19 are by reference re-stated here in answer to Paragraph 20.

21. Paragraph 21 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

22. Paragraph 22 is denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

23. Paragraph 23 is denied.

24. Paragraph 24 is denied.

## DEFENSES

1. The complaint fails to state a cause of action under the applicable law.

2. The complaint fails to state a claim upon which relief may be granted.

3. Defendant neither caused nor contributed to cause any losses or damages Plaintiffs may have sustained.

4. Defendant neither caused nor contributed to cause any losses or damages Plaintiffs may have sustained nor breached any duty owed to Plaintiff as an aircraft passenger or otherwise.

5. Plaintiffs' claims are barred or must be reduced to the extent that the acts or omissions of Plaintiffs, other parties or one or more third parties were partially or fully the proximate cause of any damages alleged and sustained by Plaintiffs.

6. Plaintiffs' claims are barred or must be reduced in accordance with

Plaintiffs' failure to mitigate any damages they may have sustained.

7.     Plaintiffs' claims for damages are barred or limited because they are neither plead with sufficient specificity nor are they sustainable under the law applicable to the aircraft flight in question.

8.     Plaintiffs' claims for damages are barred or limited because they are neither plead with sufficient specificity nor are they sustainable under the international convention(s) governing the aircraft flight in question.

9.     Plaintiffs' claims are barred or must be reduced in accordance with fault attributable to Plaintiffs and others, said fault being partially or fully the proximate cause of any alleged loss or damages.

10.    Plaintiffs' prayer for relief and damages lacks sufficient specificity and seeks compensation for damages not available under applicable law and international conventions.

11.    Defendant reserves the right to assert additional defenses that may become apparent as discovery and investigation continues.  No such defense shall be deemed to have been waived.


DATED: Hagåtña, Guam, July _16_, 2004.

CARLSMITH BALL LLP

DAVID LEDGER
Attorneys for Defendant
JAPAN AIRLINES INTERNATIONAL
CO., LTD.

## DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on the _16th_ day of July 2004, I will cause to be served, via hand delivery, a true and correct copy of DEFENDANT JAPAN AIRLINES INTERNATIONAL CO., LTD.'S ANSWER TO PLAINTIFFS COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL; DECLARATION OF SERVICE upon Plaintiffs Counsel of record as follows:

> William L. Gavras, Esq.
> Law Offices of Gorman & Gavras, P.C.
> 2nd Floor, J&R Building
> 208 Route 4
> Hagåtña, Guam 96910

Executed this _16th_ day of July 2004 at Hagåtña, Guam.

DAVID LEDGER