ORIGINAL

CARLSMITH BALL LLP

DAVID LEDGER
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Japan Airlines International Co., Ltd.



FILED
DISTRICT COURT OF GUAM
JAN 25 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ROBERTO J. DEL ROSARIO and MELANIE DEL ROSARIO,<br><br>                  Plaintiffs,<br><br>vs.<br><br>JAPAN AIRLINES INTERNATIONAL CO., LTD.,<br><br>                  Defendant. | CIVIL CASE NO. CIV04-00028<br><br>**DEFENDANT'S UNOPPOSED APPLICATION TO PRESENT TRIAL TESTIMONY VIA VIDEO CONFERENCE; DECLARATION OF DAVID LEDGER; DECLARATION OF SERVICE** |

I.    Introduction

Defendant JAPAN AIRLINES INTERNATIONAL CO., LTD., makes this *unopposed* application for an Order permitting Defendant to present trial testimony via video conference. This Application is based upon the following statement of facts, the attached Declaration of David P. Ledger, and the records and files herein.

II.    Statement of Facts

At trial Defendant will offer expert medical evidence from John Henrickson, M.D., who resides and practices in Honolulu, Hawaii. Dr. Henrickson does not maintain an office on Guam

nor, unlike some Hawaii doctors, does he practice on Guam on a "visiting doctor" basis. Defendant had to seek a doctor in Honolulu and retained Dr. Henrickson because every known doctor on Guam with the required medical specialty treated Plaintiff in conjunction with the injury at issue in this action. Defendant certainly could not retain as its medical expert a doctor who had treated Plaintiff.

However, because of Dr. Henrickson's practice schedule, and this Court's civil action trial calendar being limited as it is by the need for the Court to bring in District Court trial judges from the U.S. Mainland, it will be difficult, if even possible, and at best prohibitively expensive, to bring Dr. Henrickson to Guam to testify at trial. Dr. Henrickson joins in this request to permit him to testify by way of live video feed in that he would have no one to cover his practice in Honolulu while he travels to Guam and waits to testify.

As a result of the circumstances described above, Defendant has made arrangements with the United States District Court of Hawaii to allow Dr. Henrickson to testify via videoconference from one of the District of Hawaii's courtrooms or media rooms. *See* Declaration of David Ledger, attached hereto. During Dr. Henrickson's testimony, one of Defendant's counsel will be present in the District of Hawaii courtroom to handle the direct examination, and will have all needed trial exhibits for Dr. Henrickson to refer to as needed. Cross examination may be conducted live via video conference from the courtroom in Guam.

Defendant submits this unopposed Application to the Court to allow it to call Dr. Henrickson to testify from a courtroom or media room located within the District Court of Hawaii courthouse, which will be transmitted in a live video feed to the District Court of Guam at the time of the trial in this action. Defendant understands that both courthouses have the technology capabilities to allow the videoconference testimony to take place, and is willing to

assist the Court to provide any further necessary technological requirements.

III. There are No Legal Impediments to Presenting Testimony via Video Conference

Federal Rule of Civil Procedure 43(a) allows, for good cause shown in compelling circumstances, to "permit presentation of testimony in an open court by contemporaneous transmission from a different location." "Good cause and compelling circumstances may be established with relative ease if all parties agree that testimony should be presented by transmission." Fed. R. Civ. P. 43 advisory committee note. Plaintiff does not oppose this Application, thereby satisfying Defendant's showing of good cause and compelling circumstances.

Other courts routinely allow parties to present testimony via videoconferencing. *See Muhammad v. Page*, 2005 WL 2261042 (S.D. Ill. 2005) at *2; *Erb v. Roadway Exp., Inc.*, 2005 WL 1215955 (M.D. Pa. 2005) (in considering whether to transfer a case to a more convenient venue, court took into account its technological and video conferencing capabilities that minimized inconvenience to witnesses at trial). In *U.S. v. Philip Morris USA, Inc.*, 2004 WL 3253681 (D.D.C. 2004) at *1, the Court allowed the video conference testimony of witnesses located in Australia: "a video of their testimony is no different and no less satisfactory than their actual testimony in open court."

Here, allowing Dr. Henrickson to testify via video conference would have no material effect on the proceedings. The trier of fact would be able to view the witness on the District Court of Guam's multiple video screens, Defendant would be able to examine Dr. Henrickson live, and Plaintiff would also have the opportunity to conduct live cross-examination. Accordingly, because there is no legal impediment to allowing the testimony to proceed via video conference, and as Plaintiff does not object to the presentation of such testimony,

Defendant should be allowed to conduct Dr. Henrickson's testimony via live video feed.

IV. Conclusion

For the reasons stated above, Defendant respectfully requests that the Court GRANT this Application for an Order permitting it to present trial testimony via video conference.

DATED: Hagåtña, Guam, January 25, 2005.

CARL SMITH BALL LIP

_____
DAVID LEDGER
Attorneys for Defendant
Japan Airlines International Co., Ltd.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ROBERTO J. DEL ROSARIO and MELANIE DEL ROSARIO, Plaintiffs, vs. JAPAN AIRLINES INTERNATIONAL CO., LTD., Defendant. | CIVIL CASE NO. CIV04-00028 **DECLARATION OF DAVID LEDGER** |

I, DAVID P. LEDGER, declare and state as follows:

1. I am an attorney licensed to practice before all of the courts of Guam, and I am a member of the law firm of Carlsmith Ball LLP, counsel herein for defendant JAPAN AIRLINES INTERNATIONAL CO., LTD. This declaration is based upon my personal knowledge. If called upon as a witness, I would and could competently testify as to the facts set forth herein.

2. My office has contacted the information systems department at the United States District Court, District of Hawaii in Honolulu, Hawaii, to inquire about the possibility of live videoconference testimony transmitted from the District of Hawaii courthouse to the District of Guam courtroom.

3. Mark Afuso, a member of the District of Hawaii's information systems department, stated that it is possible to set up a courtroom or media room within the District of Hawaii Courthouse in which a witness can be sworn in and testify, and to transmit that testimony to the District Court of Guam via videoconference, where the trier of fact in the District Court of Guam may view that witness live.

4. Mr. Afuso further stated that he will contact Mr. Charles White, System Manager of the District Court of Guam, to make further technology arrangements.

5. Defendant is willing to assist the Court with further technology requirements that it may find necessary to allow the videoconference testimony to occur.

6. Counsel for Plaintiff does not oppose this Application.

7. Dr. John Henrickson, Defendant's retained medical expert, resides and practices in Honolulu, Hawaii. Due to medical practice-imposed limitations on Dr. Henrickson's ability to travel, Dr. Henrickson has requested that his trial testimony be given by way of videoconference from Honolulu, Hawaii.

Executed this 25th day of January 2006 at Hagåtña, Guam.

_____
DAVID LEDGER

## DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on the 25th day of January 2006, I will cause to be served, via hand delivery, a true and correct copy of DEFENDANT'S UNOPPOSED APPLICATION TO CONDUCT TRIAL TESTIMONY VIA VIDEO CONFERENCE; DECLARATION OF DAVID LEDGER upon Plaintiffs Counsel of record as follows:

> William L. Gavras, Esq.
> Law Offices of Gorman & Gavras, P.C.
> 2nd Floor, J&R Building
> 208 Route 4
> Hagåtña, Guam 96910

Executed this 25th day of January 2006 at Hagåtña, Guam.

_____
DAVID LEDGER