CARLSMITH BALL LLP

DAVID LEDGER
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Japan Airlines International Co., Ltd.

FILED
DISTRICT COURT OF GUAM

FEB - 9 2006

MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ROBERTO J. DEL ROSARIO and MELANIE DEL ROSARIO,<br><br>        Plaintiffs,<br><br>vs.<br><br>JAPAN AIRLINES INTERNATIONAL CO., LTD.,<br><br>        Defendant. | CIVIL CASE NO. CIV04-00028<br><br>**PRETRIAL STIPULATION NO. 1** |

WHEREAS, the parties desire to achieve an efficient and cost-effective resolution of this matter and avoid litigation of issues that are undisputed, un-necessary or duplicative;

Now, therefore, it is hereby stipulated by and between the parties, appearing through their undersigned counsel of record, that:

1. The injury at issue in this case is alleged to have been caused when, during take off from Narita, Japan, three food service carts located in the forward galley of the aircraft came free from storage cabinets and went down the aisle of the aircraft as far as seats 1-G and 1-H. The flight was bound for Guam, U.S.A., Plaintiff was seated in 1-H, an aisle seat on the right

side of the cabin.

2. Defendant does not dispute that one food cart contacted Plaintiff on the left foot/ankle.

3. Defendant's negligence was the cause of the food cart coming free from the galley and contacting Plaintiff on the left/foot ankle. Defendant was not grossly negligent or reckless in causing the food cart to come free from the galley.

4. Plaintiff did not cause or contribute to cause the food cart coming free from the galley and contacting Plaintiff on the left/foot ankle.

5. Notwithstanding anything stated herein, Plaintiff may recover general and special damages in accordance with Guam law as applied by the Court. Defendant will not avail itself of any defense at law, or as provided for in any Convention or agreement governing international carriage of passengers by air, which would serve to cap or limit the amount of damages plaintiff may seek or recover.

6. Notwithstanding anything stated herein, punitive or exemplary damages are not available to Plaintiff.

7. This Stipulation shall not be interpreted as a waiver by Defendant, or Plaintiff, of any right, claim or defense not expressly waived.

8. In particular, and without limitation, this Stipulation shall not be interpreted as an admission by Defendant that Plaintiff sustained any damages or that proximate cause exists.

9. The Trial of this matter will be as to any issue not stipulated to herein, including whether or not the incident described herein caused damage or injury to Plaintiff; if the incident described herein did cause injury or damage, the amount of such damage; and whether or not Plaintiff failed to meet his burden to minimize and avoid the consequences of any injury or

damage.

DATED: Hagan, Guam, February ___9___, 2006.

                                CARL SMITH BALL LIP

                                DAVID LEDGER
                                Attorneys for Defendant
                                Japan Airlines International Co., Ltd.

DATED: Hagåtña, Guam, February ___6___, 2006.

                                LAW OFFICES OF GORMAN & GAVRAS, P.C.

                                WILLIAM L. GAVRAS
                                Attorneys for Plaintiff
                                Roberto J. Del Rosario