CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Japan Airlines International Co., Ltd.



**FILED**
DISTRICT COURT OF GUAM

FEB 1 0 2006 ᴺᵖ

**MARY L.M. MORAN
CLERK OF COURT**

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ROBERTO J. DEL ROSARIO and MELANIE DEL ROSARIO,<br><br>Plaintiffs,<br><br>vs.<br><br>JAPAN AIRLINES INTERNATIONAL CO., LTD.,<br><br>Defendant. | CIVIL CASE NO. CIV04-00028<br><br>**DEFENDANT'S TRIAL BRIEF; DECLARATION OF SERVICE** |

**I.      PRETRIAL STIPULATION NO. 1**

In a Pretrial Stipulation, the parties stipulated to the following:

1.      Plaintiff was on board Japan Airlines' Flight 901 from Narita, Japan to Guam, U.S.A. During takeoff from Narita, three food service carts located in the forward galley of the aircraft came free from storage cabinets and rolled down the aisle of the aircraft as far as seats 1-G and 1-H. Plaintiff Roberto J. Del Rosario was seated in 1-H, an aisle seat on the right side of the cabin.

2.      Defendant Japan Airlines International Co., Ltd. does not dispute that one food cart contacted Plaintiff on the left foot/ankle.

3.      Defendant's negligence was the cause of the food cart coming free from the galley

and contacting Plaintiff on the left/foot ankle. Defendant was not grossly negligent or reckless in causing the food cart to come free from the galley.

4. Plaintiff did not cause or contribute to cause the food cart coming free from the galley and contacting Plaintiff on the left/foot ankle.

5. Notwithstanding anything stated herein, Plaintiff may recover general and special damages in accordance with Guam law. Defendant will not avail itself of any defense, legal theory, Convention, or other agreement governing international carriage of passengers by air, which would serve to cap or limit the amount of damages plaintiff may seek or recover.

6. Notwithstanding anything stated herein, punitive or exemplary damages are not available to Plaintiff.

7. The parties' Stipulation shall not be interpreted as a waiver by Defendant, or Plaintiff, of any right, claim or defense not expressly waived.

8. In particular, and without limitation, the parties' Stipulation shall not be interpreted as an admission by Defendant that Plaintiff sustained any damages or that proximate cause exists.

9. The Trial of this matter will be as to any issue not resolved by way of stipulation or a pre-trial Order, including whether or not the incident described herein caused damage or injury to Plaintiff; if the incident described herein did cause injury or damage, the amount of such damage; and whether or not Plaintiff failed to meet his burden to minimize and avoid the consequences of any injury or damage.

## II. DEFENDANT'S FACTUAL CONTENTIONS

As Pretrial Stipulation No. 1 provides, the issues remaining to be tried include whether or not the incident caused damage or injury to Plaintiff, and if so, the amount of such damage, and whether Plaintiff failed to meet his burden to minimize and avoid the consequences of any injury

or damage. With respect to these issues, Defendant contends the following:

1. On July 20, 2002, Plaintiff was a passenger on Japan Airlines' Flight 901 from Narita, Japan to Guam.

2. During takeoff, food carts in front of Plaintiff rolled toward his left foot and ankle. Shortly thereafter, when it was safe to move about the cabin the flight attendants determined that one cart hit Plaintiff's left foot and ankle.

3. Flight attendants administered first aid to Plaintiff and checked on him several times during the flight. The flight attendants noticed that Plaintiff's foot appeared slightly bruised and swollen.

4. Plaintiff was wearing a seat belt and did not complain of any back pain.

5. Plaintiff was admitted to the Guam Memorial Hospital's Emergency Room on July 21, 2002. Plaintiff sought medical assistance for injuries to his foot and ankle. He did not report any injuries to his knees, back, or other parts of his body.

6. At the time of the incident, Plaintiff had a history of gout. He was also 46 years old and an avid runner.

7. Two months later, Plaintiff embarked on a seemingly endless series of medical visits with numerous doctors and other medical professionals to complain of pain to parts of his body not involved or injured in the food cart incident. Plaintiff waited until September 18, 2002, to report the progress of his injuries to Dr. Brian Bates, and complained of left ankle and left knee pain, as well as more recent pain to his left lower back and left buttock. Dr. Bates observed tenderness in the left ankle, left knee, and lower back. A spinal x-ray was taken showing degeneration and no evidence of fracture or dislocation. A knee x-ray showed mild osteoarthritis.

8. Plaintiff saw Dr. Bates again on October 8, 2002. Plaintiff's x-rays appeared normal except for degenerative changes.

9. Plaintiff was then treated by chiropractor Greg Miller. Miller did not treat the original injury to the foot and ankle.

10. Plaintiff also visited orthopedist Dr. Jan Bollinger. Dr. Bollinger's diagnosis was that the injuries were more consistent with gout and increased physical activity.

11. On June 4, 2003, Plaintiff underwent arthroscopic surgery. The surgery addressed the degenerative and gouty symptoms in his knee.

12. Plaintiff was also treated various times by neurosurgeon Dr. Steven Hayashida, who described Plaintiff as having back pain but without any neurological symptoms in the lower extremities, and yet recommended Plaintiff for radical surgery. Dr. Hayashida's recommended treatment is inconsistent with and contra-indicated by his diagnosis.

13. In addition to the above-mentioned doctors, Plaintiff has also been treated by Dr. Nolan Silan for a bunionectomy and by Dr. Ephraim Maranan for an MRI.

14. Plaintiff was examined by Dr. John Henrickson, retained by Defendant. Dr. Henrickson observed that Plaintiff is a symptom magnifier, and that surgery is definitely ***not*** indicated. Plaintiff also complains of injuries to his eyes and ears, but, according to Dr. Henrickson, such facial injuries could not possibly be related to the incident. Dr. Henrickson does not dispute that the incident caused injury to the left foot and ankle, and agrees that the Guam Memorial Hospital emergency room records properly diagnose the injury.

15. Plaintiff's alleged injuries to parts of his body other than his foot and ankle do not relate to the incident. They are instead caused by a number of factors, including degeneration and gout.

16. Plaintiff fabricates and/or magnifies his alleged injuries.

17. Though Plaintiff is physically capable, he has taken no credible steps to employment or to mitigate his damages.

18. Plaintiff operated a taxi business, and has not returned to work although the injuries caused by the incident do not prevent him from doing so. Defendant is not liable for damages not proximately caused by the incident.

## III. ISSUES OF LAW: NEGLIGENCE

This trial will center on the causation and damages aspects of Plaintiff's negligence claim. Under the traditional negligence framework, Plaintiff must demonstrate that Defendant had a duty of care, breached that duty of care, the breach caused his injuries, and damages resulting from the breach. In that Defendant has admitted that its negligence caused the food carts to roll down the aisle of the aircraft and that one such cart struck Plaintiff's foot, the focus of this trial is on the negligence elements of causation and amount of damages being claimed.

Defendant will demonstrate at trial that Plaintiff cannot prove causation with respect to long-term foot and ankle injuries, and injuries to other parts of his body. Defendant will demonstrate that Plaintiff's alleged injuries to body parts other than his foot and ankle are unrelated to the incident. Defendant will further demonstrate that the injury caused by the incident had only a temporary effect on Plaintiff's foot and ankle, and that any further injuries to Plaintiff's foot and ankle are caused by long-term degeneration, gout problems, symptom magnification, and malingering. As a result, Plaintiff cannot prove that he has suffered long-term injury to his foot and ankle and to other body parts, and any recovery of damages should be limited to foot and ankle injuries sustained as a proximate result of the incident.

Plaintiff should also be prohibited from recovering any damages he could have reasonably avoided. For example, if Plaintiff's injuries are found to have been caused by the

incident, but it is also found that Plaintiff was able to work during any part of the past three years during which he has not worked, then his damages should be limited accordingly.

## IV. EVIDENTIARY PROBLEMS

Defendant has submitted an unopposed Application to Present Trial Testimony via Video Conference. The Application centers on the testimony of Defendant's expert, Dr. John Henrickson, who lives and practices in Hawaii. The Application states that arrangements have been made to allow Dr. Henrickson to testify live at the District Court of Hawaii, with a video feed to the District Court of Guam. Plaintiff would also have the opportunity to proceed via video conference. The Court has not yet ruled on the Application.

Defendant also anticipates that it may require the services of an interpreter for two of its witnesses, Ms. Rumi Fujiwara and Ms. Reiko Asatani, as both speak primarily Japanese.

Defendant does not anticipate other evidentiary objections at this time, but reserves the right to present further objections that may arise at a later time.

## V. ATTORNEYS FEES

Defendant does not seek attorneys fees at this time.

## VI. ABANDONMENT OF ISSUES

The issues for trial have been narrowed under Pretrial Stipulation No. 1. Remaining for trial is the issue of whether the incident caused Plaintiff's alleged injuries or damages.

Plaintiff Melanie Del Rosario has dismissed her claim for Loss of Consortium.

DATED: Hagåtña, Guam, February 10, 2006.

CARLSMITH BALL LLP

for DAVID LEDGER
ELYZE McDONALD
Attorneys for Defendant
Japan Airlines International Co., Ltd.

## DECLARATION OF SERVICE

I, J.Patrick Mason, hereby declare under penalty of perjury of the laws of the United States, that on the 10th day of February 2006, I will cause to be served, via hand delivery, a true and correct copy of DEFENDANT'S TRIAL BRIEF upon Plaintiffs Counsel of record as follows:

>William L. Gavras, Esq.
>Law Offices of Gorman & Gavras, P.C.
>2nd Floor, J&R Building
>208 Route 4
>Hagåtña, Guam 96910

Executed this 10th day of February 2006 at Hagåtña, Guam.

_____
J.PATRICK MASON