CARLSMITH BALL LLP

DAVID LEDGER
ELYZE MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Japan Airlines International Co., Ltd.



**FILED**
DISTRICT COURT OF GUAM

FEB 13 2006

MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ROBERTO J. DEL ROSARIO and MELANIE DEL ROSARIO,<br><br>Plaintiffs,<br><br>vs.<br><br>JAPAN AIRLINES INTERNATIONAL CO., LTD.,<br><br>Defendant. | CIVIL CASE NO. CIV04-00028<br><br>**ORDER GRANTING STIPULATION TO DISMISS CERTAIN CLAIMS AND DEFENSES** |

1. The parties have stipulated that the injury at issue in this case happened on board an aircraft carrying passengers on an international route; in particular, Japan Airlines' Flight 901 from Narita, Japan to Guam, U.S.A..

2. The parties have stipulated that during take-off at Narita, three food service carts located in the forward galley of the aircraft came free and rolled down the aisle of the aircraft, and that Plaintiff was seated in 1-H, an aisle seat on the right side of the cabin.

3. Defendant does not dispute that one food cart contacted Plaintiff on the left foot/ankle.

4. The parties have stipulated that Defendant's negligence was the cause of the food cart coming free from the galley and contacting Plaintiff on the left/foot ankle.

5. The parties have stipulated that Defendant was *not* grossly negligent or reckless in causing the food cart to come free from the galley.

6. The parties have stipulated that Plaintiff did not cause or contribute to cause the food carts to roll down the aisle.

7. The parties do *not* agree on the nature and extent of the injuries being claimed, nor do the parties agree on the nature and amount of damages being claimed. Defendant disputes that the incident was the proximate cause of the type and extent of the injury being claimed, and further disputes the basis for and the amount of damages being claimed.

8. The parties have stipulated that punitive or exemplary damages are not available to Plaintiff, and that Plaintiff will not seek such damages at trial.

9. The parties have stipulated that Plaintiff is a resident of Guam, and that, as such, the law of this jurisdiction applies.

WHEREFORE, pursuant to the Pretrial Stipulation No. 1 filed with the Court on February 9, 2006, THE COURT HEREBY ENTERS THE FOLLOWING ORDER:

1. Defendant shall not avail itself of any defense, legal theory, Convention, or other agreement governing international carriage of passengers by air, which would serve to cap or limit the amount of damages plaintiff may seek or recover. Plaintiff may seek, and the Jury may award, damages in accordance with the law of the jurisdiction and as instructed by the Court.

2. Punitive or exemplary damages are *not* available to Plaintiff, and the Jury will be properly instructed on this issue.

3. This Order shall *not* result in any waiver by Defendant, or Plaintiff, of any right, claim or defense not expressly waived by the parties or either of them. In particular, and without limitation, this Order shall *not* result in any admission by Defendant that Plaintiff sustained any injury or damages, or that Defendant proximately caused any injury or damages to Plaintiff.

4. The Trial of this matter will be as to any issue not resolved by the parties' stipulation filed February 9, 2006 or this Order.

DATED: 2-13-06.

*Larry A. Burns*

LARRY ALAN BURNS
DESIGNATED JUDGE
District Court of Guam