CARLSMITH BALL LLP

DAVID LEDGER
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Japan Airlines International Co., Ltd.

FILED
DISTRICT COURT OF GUAM
MAR 10 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ROBERTO J. DEL ROSARIO and MELANIE DEL ROSARIO, <br><br> Plaintiffs, <br><br> vs. <br><br> JAPAN AIRLINES INTERNATIONAL CO., LTD., <br><br> Defendant. | CIVIL CASE NO. CIV04-00028 <br><br> **DECLARATION OF DAVID LEDGER IN SUPPORT OF SETTLEMENT AGREEMENT; EXHIBIT A; DECLARATION OF SERVICE** |

1.  On March 2, 2006 this Court entered an Order directing counsel for Plaintiff and Defendant to file affidavits regarding the settlement of this action.

2.  I, David Ledger, counsel for Defendant Japan Airlines, pursuant to 28 U.S.C. Section 1746, hereby file this Declaration in accordance with the Court's March 2, 2006 Order.

3.  Up until about two months before the scheduled trial date of March 13, 2006, there had been little, if any, meaningful discussions regarding settlement. From the perspective of Japan Airlines, this was due mainly to the fact that the parties had wildly differing views as to the settlement value of the case. Though Japan Airlines never really disputed liability for the incident, causation for the injuries claimed and damages were hotly disputed.

4. Consistent with this, on February 9, 2006 the parties stipulated to a pre-trial Order in which Japan Airlines admitted negligence, while reserving for trial causation and damages issues mentioned in Paragraph 3 above. The Court filed the Order on February 13, 2006. The pre-trial order provided for Plaintiff to abandon his claims for punitive damages and gross negligence. For Japan Airlines, this provided strong incentive to try to settle the case.

5. Accordingly, I contacted opposing counsel William Gavras regarding settlement, as an alternative to a trial to determine damages. I urged Mr. Gavras to discuss settlement with his client. Mr. Gavras agreed that trying to settle a case in which negligence was admitted made sense, and said that he would at least discuss settlement with Plaintiff. Additional similar discussions with Mr. Gavras occurred, but with little success. However, Mr. Gavras did subsequently inform me that Plaintiff had agreed to at least consider a settlement.

6. Eventually, on February 16, 2006, Mr. Gavras informed me that Plaintiff had authorized a settlement offer in the amount of $200,000.00. On behalf of Japan Airlines, I declined Plaintiff's offer and made a $90,000 counter-offer. The amount of the counter offer amount was based, in part, on my discussion with Mr. Gavras regarding Japan Airlines' desire to pay less than $200,000, but at the same time to not offer so much less than $200,000 so as to cause the negotiations to break down before ever having a real chance to succeed. Mr. Gavras agreed that the amount of the counter-offer at least provided an opportunity to keep the negotiations alive, and agreed to convey the $90,000 counter offer to Plaintiff.

7. On February 24, 2006, Mr. Gavras informed me that he had contacted Plaintiff regarding Japan Airlines' $90,000 counter offer. In particular, Mr. Gavras informed me that Plaintiff had rejected Japan Airlines' $90,000 counter offer, instead making yet another settlement offer in the amount of $175,000. I told Mr. Gavras that I would immediately discuss Plaintiff's new offer with Japan Airlines and get back to him. Mr. Gavras agreed to keep the

settlement offer open until I could get back to him. Less than an hour later, at approximately 12:30 p.m., I informed Mr. Gavras that "Japan Airlines unconditionally accepts Plaintiff's $175,000 settlement offer."

8.  On February 24, 2006, at 3:54 p.m., I delivered a confirming letter to Mr. Gavras. See **Exhibit A**.

9.  On February 27, 2006, Mr. Gavras telephoned me regarding the settlement. During that conversation, Mr. Gavras stated that Plaintiff "had changed his mind about settling and wants to go to trial." I then asked Mr. Gavras whether or not Plaintiff had authorized the $175,000 offer, and Mr. Gavras replied "yes."

10. I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

DATED: Hagåtña, Guam, March 10, 2006.

_____
DAVID LEDGER

Concluding Statement of Counsel in Support of Settlement:

The above facts show that on February 24, 2006 the parties, through their respective counsel acting with apparent authority, entered into a binding contract to settle this action for $175,000.00. The bargain was made at "arms length"; neither party over-reaching and both represented by experienced and competent legal counsel. It can not be argued credibly that the agreed consideration is not fair and adequate.

Indeed, if one party did hold any leverage, it was Plaintiff. Defendant had already admitted negligence, and did not dispute that Plaintiff had in fact been injured as a result of such negligence. Thus, the only real issue was not if a jury would award damages, but rather how

much.

Simply "changing one's mind" is insufficient justification to be excused from a legal contract. Honoring contracts and promises is the very essence of our legal system; indeed our society. The Court should not permit Plaintiff to mock our society or undermine our legal system by acting on an impulsive illogical turn of mind, a whim. Instead the Court should enter an Order enforcing the settlement agreement the parties entered into on February 24, 2006.

DATED: Hagåtña, Guam, March 10, 2006.

CARLSMITH BALL LLP

*/s/ David Ledger*
DAVID LEDGER
Attorneys for Defendant
Japan Airlines International Co., Ltd.



# CARLSMITH BALL LLP

A LIMITED LIABILITY LAW PARTNERSHIP

BANK OF HAWAII BLDG., SUITE 401
134 WEST SOLEDAD AVENUE, P.O. BOX BF
HAGÅTÑA, GUAM 96932-5027
TELEPHONE 671.472.6813   FAX 671.477.4375
WWW.CARLSMITH.COM

DIRECT DIAL NO.
X302

DLEDGER@CARLSMITH.COM

OUR REFERENCE NO.:
051729-00006

February 24, 2006

**VIA HAND DELIVER**

William L. Gavras, Esq.
Law Offices of Gorman & Gavras, P.C.
2nd Floor, J&R Building
208 Route 4
Hagåtña, Guam 96910

Re:   Del Rosario vs. Japan Airlines International Co., Ltd.
District Court of Guam Civil Case No. CIV04-00028

Dear Bill:

This confirms that today, February 24, 2006, your client offered to settle this case for $175,000. After consulting with my client, I informed you that my client unconditionally accepted the $175,000 offer. This writing confirms the verbal acceptance conveyed to you at approximately 12:30 p.m., February 24, 2006.

Per your request, the amount of the settlement will remain confidential.

We will send you a written settlement agreement next week. Please confirm your office will prepare a Rule 41 Dismissal of the action.

Since there is a lot of pre-trial pleadings and related items due in Court in the next few days, which we will of course not now be doing, we should jointly inform the Court that the action will be dismissed. I propose a joint telephone call to the Court for this. In addition, once the Court issues its Order directing us to submit new trial dates for the magistrate trial, we will have to inform the Court of the settlement and/or dismissal.

**EXHIBIT A**

HONOLULU    KAPOLEI    HILO    KONA    MAUI    GUAM    SAIPAN    LOS ANGELES

William L. Gavras, Esq.
February 24, 2006
Page 2

    Should you disagree with any of the above, please inform me immediately.

                                                           Best regards,

                                                           David Ledger

DPL/jmcb
4849-1271-5776.1.051729-00006



# DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on the 10th day of March 2006, I will cause to be served, via hand delivery, a true and correct copy of DECLARATION OF DAVID LEDGER IN SUPPORT OF SETTLEMENT AGREEMENT upon Plaintiffs Counsel of record as follows:

> William L. Gavras, Esq.
> Law Offices of Gorman & Gavras, P.C.
> 2nd Floor, J&R Building
> 208 Route 4
> Hagåtña, Guam 96910

Executed this 10th day of March 2006 at Hagåtña, Guam.

_____
DAVID LEDGER