ROBERT J. DEL ROSARIO Pro se
P.O. Box 7394
Tamuning, Guam 96913
637-8942

**FILED**
DISTRICT COURT OF GUAM
APR 12 2006
MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

ROBERT J. DEL ROSARIO

Plaintiff

vs.

JAPAN AIRLINES INT'NL. CO., LTD.,

_____/

CIVIL CASE NO. CIV04-00028

MOTION TO TERMINATE
PLAINTIFF COUNSEL AND TO
REQUEST FOR 60 DAYS TO FIND
NEW COUNSEL AND TIME TO
PREPARE NEW SCHEDULING
ORDER AND DISCOVERY PLAN

BACKGROUND.

On March 30, 2006, the Court set evidentiary hearing for April 20, 2006 at 9:30 a.m. For the limited purpose of determining whether a settlement had been reached. No later than April 13, 2006, Mr. Del Rosario is to notify the Court and opposing counsel in writing whether or not he intends to have counsel other than Mr. Gavras represent him at the evidentiary hearing on April 20, 2006.

Due to the time constraint in finding a new counsel, Plaintiff has decided to temporarily represent himself on the hearing of April 20, 2006, to give way to a new counsel and thereby requesting to the Court the following:

1. TERMINATION OF ATTY. GAVRAS AS PLAINTIFF'S COUNSEL.

Because of the specific instruction to notify the Court and opposing counsel, Mr. Ledger in writing whether or not Plaintiff intends to have a new counsel other Mr. Gavras, Plaintiff reviewed carefully the status, integrity and ethical Rule that was violated by Mr. Gavras, thus firming Plaintiff decision to terminate Mr. Gavras services. In this instance, Rule 1.4 under ABA/BNA, Lawyers Manual on Professional Conduct states as follows:

" Rule 1.4: Explicitly require, a lawyer to communicate settlement offers unless the lawyer is aware from prior discussions that the client would reject the offer. It further states, even when a client delegates authority to the lawyer, the client should be kept advised of the status of the matter. A lawyer who handled clients personal injury claim by telephone, with only one subsequent meeting, and settled without discussions with client, violated Rule 1.4.

The lawyer must disclosed facts regarding settlements and settlement offers, because failure

to do so precludes the client from pursuing other alternatives, including retaining different Counsel or deciding not to go forward at all. (Rogers v. Robson, Master, Ryan, Brunund & Belom, 392 N.E, 2d. 1365 (Ill.App. 1979) Aff'd., 407 N.E. 2D 47 (Ill. 1980). Additionally, the lawyer must fully explain all ramification of any settlement offer. See In re Morse, 470 S.E. 2D 232 (Ga. 1996.)

THEREFORE, Effective this day, Wednesday, April 12, 2006, the services of My Counsel, Mr. William Gavras is TERMINATED.

2. REQUEST FOR SIXTY (60) DAYS TO FIND A NEW COUNSEL AND THE PREPARATION OF NEW SCHEDULING ORDER AND DISCOVERY PLAN.

It is understood that a disqualification of Counsel may well result in a hardship for the client who must find other Counsel. Often extensive preparation has gone into the case. And it may be very difficult for a new lawyer to adequately familiarize himself with the particulars surrounding the matter, (Like this Japan Airlines Case CIV04-00028) involving a highly technical subject, substitute counsel may not be able to master the complexities involved in the time allowed for preparation.

3. REQUEST TO DISQUALIFY DEFENDANT COUNSEL, MR. DAVID LEDGER DUE TO CONFLICT OF INTEREST.

Counsel for Defendant, Japan Airlines International. Co., Ltd., continued presence in the case is somehow detrimental or prejudicial. Model Rule 3.7 and DR 5-101(B) prohibits a lawyer from, in most circumstances, acting as an advocate in a case in which the lawyer is likely to be called as witness, like Atty. William Gavras or Atty. David Ledger.

CONCLUSION.

Based on above facts, Plaintiff pray to the Court, his request shall be granted to clear the uncertainty surrounding the settlement, to give fresh start to incoming new counsels for Plaintiff and Defendant, and to put integrity and honesty into this case.

Respectfully submitted this 12 day of April, 2006.

PRO SE

ROBERT J. DEL ROSARIO
Plaintiff