CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Japan Airlines International Co., Ltd.

FILED
DISTRICT COURT OF GUAM
APR 17 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ROBERTO J. DEL ROSARIO and MELANIE DEL ROSARIO, <br><br> Plaintiffs, <br><br> vs. <br><br> JAPAN AIRLINES INTERNATIONAL CO., LTD., <br><br> Defendant. | CIVIL CASE NO. CIV04-00028 <br><br> DEFENDANT'S NOTICE OF NON-SERVICE OF PLAINTIFF'S "MOTIONS"; <br><br> DEFENDANT'S RESPONSE TO THE COURT ORDER FILED APRIL 13, 2006; <br><br> DEFENDANT'S REQUEST FOR SANCTIONS; <br><br> DECLARATION OF SERVICE |

On April 13, 2006 the Court filed an Order regarding certain "motions" Plaintiff filed on April 12, 2006. In particular, the Court identified three "motions" and ordered any party wishing to file oppositions to do so not later than April 18, 2006. This is to inform the Court that as of April 17, 2006, Plaintiff has failed to serve said "motions" on Defendant.

Furthermore, Defendant objects to all said "motions" and seeks denial of all said "motions" on grounds that Plaintiff failed to comply with all Federal and Local Rules of

procedure governing motion practice. For this reason alone, the Court should deem the "motions" moot and deny them. Even so, based on the subject matter of the "motions", as described in the Court's April 13, 2006 Order, Defendant's response is as follows.

1. <u>Plaintiff's "motion" to terminate Mr. Gavras as counsel for Plaintiff.</u>

Defendant opposes the "motion" to the extent the Court has discretion to deny it on grounds that the "motion" to terminate Mr. Gavras comes at a critical juncture in the action and, as such, will cause undue substantial prejudice to the conduct and conclusion of the action. For example, the Court should deny the "motion" to the extent that Mr. Gavras remain as counsel of record to assist Plaintiff with completion of settlement documents to memorialize the previously agreed settlement.

2. <u>Plaintiff's "motion" for a 60 day continuance to find new counsel.</u>

Defendant opposes the "motion" as moot in that the case is settled. Secondly, Defendant opposes the motion on grounds that a 60 day continuance is unwarranted and will cause undue substantial prejudice. If, however, the Court decides to permit Plaintiff to proceed in this action *pro se*, then there is no need for a continuance because all that remains for Plaintiff to do is to execute settlement documents. New counsel is not necessary for the limited purpose of reviewing settlement documents which Defendant will prepare.

3. <u>Plaintiff's "motion" to disqualify Defendant's counsel.</u>

Plaintiff apparently seeks to disqualify Carlsmith Ball LLP ("Carlsmith") as legal counsel for Defendant Japan Airlines on grounds that do not exist in the law or the Guam Rules of Professional Conduct. Plaintiff's "motion" should be denied because (1) Carlsmith does not nor has it ever represented Plaintiff; and (2) no other disqualifying "conflict of interest" could possibly exist at law or in fact. Plaintiff has no basis for disqualification so as to deprive Japan

Airlines of its choice of counsel in this action.

### The Legal Standard for Disqualification.

Rule 1.9(a) of the Guam Rules of Professional Conduct, states in relevant part:

> A lawyer who has formerly represented a client in a matter shall not thereafter:
>
> (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation.

Rule 1.9(a) does not apply here because Carlsmith has never had an attorney-client relationship with Plaintiff. Furthermore, "Attorney disqualification is a drastic measure because it destroys the attorney-client relationship by prohibiting a party from representation by counsel of his or her choosing." Schwartz v. Cortelloni, supra, 685 N.E.2d at 877 (citation omitted). Therefore, disqualification should be imposed only when "absolutely necessary." Freeman v. Chicago Musical Instrument Co., 689 F.2d 715, 721 (7th Cir. 1982); Phillips v. Haidet, 119 Ohio App.3d 322, 324, 695 N.E.2d 292, 294 (1997).

Moreover, Courts are wary that a party may use a motion to disqualify opposing counsel for tactical purposes or as a technique of harassment. For those reasons, "disqualification motions should be subjected to 'particularly strict judicial scrutiny.'"[1] Optyl Eyewear Fashion Inter. v. Style Companies, 760 F.2d 1045, 1050 (9th Cir. 1985) (citations omitted); Freeman v. Chicago Musical Instrument Co., supra, 689 F.2d at 721-22.

Plaintiff has no grounds to disqualify Japan Airlines' Legal Counsel. Instead, the circumstances support a finding that the "motion" is motivated by ill-will, tactical and

---

[1] We submit that the totality of the circumstances are sufficient to cause this court to find that Plaintiff's motion is motivated by tactical and harassment reasons. Accordingly, the Court should subject the motion to "particularly strict judicial scrutiny," deny the motion, and award Japan Airlines sanctions for defending the motion.

harassment reasons. Accordingly, the Court should apply the strict scrutiny standard, deny the "motion", and for the reasons given below, award Japan Airlines its costs and attorneys fees to oppose the "motion" and appear for the hearing on April 20, 2006.

### Sanctions Are Warranted Because Pro Se Plaintiffs Are held to The Same Standard As A Represented Party.

It is clear that Plaintiff, not Attorney William Gavras, seeks disqualification of Defendant's Counsel by way of "motion." Plaintiff has apparently informed the Court that he terminated the services of Attorney Gavras, and then filed the "motion." Therefore, for purposes of the "motion" to disqualify, the Court should deem Plaintiff to be proceeding *pro se*. As explained below, *pro se* plaintiffs are held to the same standards as legal counsel.

Since there can not possibly be any legal or good faith grounds for the "motion" to disqualify, the Court should deem it to have been filed for purposes of harassment and delay. Even so, and notwithstanding Plaintiff's failure to serve the "motion", the Court ordered this opposition and set the "motion" for hearing on April 20, 2006. Japan Airlines should not be held to bear the expense of responding to a baseless motion and compliance with the Court's Order because a pro se party is held to the same standards as a represented party. In this instance, pro se Plaintiff has filed a "motion" in violation of Fed. R. Civ. P. 11 (b), (1), (2) and (3), and, for the reasons explained below, should be sanctioned under Rule 11 (c).

Courts hold that *pro se* litigants in civil cases should not be treated more favorably than a party represented by an attorney. In other words, "a litigant who chooses *himself* as legal representative should be treated no differently." Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir. 1986). See also United States v. Pinkey, 548 F.2d 305, 311 (10th Cir. 1977) (hazards which beset a layman when he seeks to represent himself are obvious. He who proceeds *pro se* with full knowledge and understanding of the risks does so with no greater rights than a litigant

represented by a lawyer, and the trial court is under no obligation to become an "advocate" for or to assist and guide the *pro se* layman through the trial thicket. This Court should apply this standard to the pro se plaintiff in this case, and impose the appropriate sanction for filing a baseless pleading obviously intended to harass defendant's counsel, avoid the settlement reached previously and otherwise delay the conclusion of this action.

It is impossible for Plaintiff to show any present or former attorney-client relationship with Carlsmith, or otherwise allege good grounds for disqualification. Therefore, there is no basis for disqualifying Carlsmith from representing Japan Airlines in this action. Plaintiffs "motion" must be denied. In addition, the Court should award Japan Airlines its attorneys fees and costs for these proceedings.

DATED: Hagåtña, Guam, April 17, 2006.

CARLSMITH BALL LLP

_____
DAVID LEDGER
ELYZE McDONALD
Attorneys for Defendant
Japan Airlines International Co., Ltd.

## DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on the 17th day of April 2006, I will cause to be served, via hand delivery, a true and correct copy of DEFENDANT'S NOTICE OF NON-SERVICE OF PLAINTIFF'S "MOTIONS"; DEFENDANT'S RESPONSE TO THE COURT ORDER FILED APRIL 13, 2006; DEFENDANT'S REQUEST FOR SANCTIONS; DECLARATION OF SERVICE upon Plaintiffs Counsel of record as follows:

> William L. Gavras, Esq.
> Law Offices of Gorman & Gavras, P.C.
> 2nd Floor, J&R Building
> 208 Route 4
> Hagåtña, Guam 96910

Executed this 17th day of April 2006 at Hagåtña, Guam.

_____
DAVID LEDGER