ROBERT J. DEL ROSARIO
P.O. Box 7394
Tamuning, Guam 96913
Telephone 671.637.8942



FILED
DISTRICT COURT OF GUAM
APR 19 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

ROBERT J. DEL ROSARIO

Plaintiff

vs

JAPAN AIRLINES INTERNATIONAL COMPANY LTD.,

Defendant

_____/

CIVIL CASE NO CIV04-00028

RESPONSE TO NON-SERVICE OF "MOTIONS"

RESPONSE TO DEFENDANT'S REQUEST FOR SANCTIONS;

DECLARATION OF SERVICE

On March 30, 2006, the parties appeared before the Court for a status conference. At that said conference, the Court set an evidentiary hearing for April 20, 2006, for the purpose of determining whether a settlement agreement had been reached between the parties. The Court also directed the Plaintiff to advise the Court and opposing counsel whether he intends to have counsel other than Mr. Gavras represent him at the evidentiary hearing.

On April 12, 2006, the Plaintiff filed a motion seeking to (1) terminate Mr. Gavras as his counsel; (2) continue this matter for 60 day to enable him to find a new counsel; and (3) disqualify Mr. Ledger as counsel for the Defendant. Because the motion raises issues related to the proceedings set for April 20, 2006, the Court also schedules said motion for hearing on April 20, 2006 at 9:00 a.m. Counsel wishing to file a response to the Plaintiff's motion shall do so no later than April 18, 2006.

## ORIGINAL

1. On April 17, 2006, Mr. Gavras responded a Statement of Non-Opposition. Also further mention he has no objection from being removed as counsel herein.

On April 17, 2006, Counsel for Defendant responded with 3 objections to said "motions", (1) on the grounds that Plaintiff failed to comply with all Federal and Local Rules of procedure governing motion practice. For this reason alone, the Court should deem the motion moot and deny them.

Response: On March 30, 2006, the Plaintiff was instructed by the Court that no later than April 13, 2006 he is to notify opposing counsel in writing whether or not he intends to have a new counsel other than Mr. Gavras to represent him at the evidentiary hearing. on April 20, 2006. On April 13, 2006, Plaintiff notify Mr. Ledger of his action in writing of terminating his counsel as Court Ordered.

On April 12, 2006, Plaintiff filed the Three (3) motions to clarify to the Court his intentions. And with filing of these Motions, the Court responded On April 13, 2006, Because the motions raises issues related to the proceedings set for April 20th, the Court also schedules said motion for hearing on April 20, 2006. Defendant counsel timely response of the matter filed on April 17, 2006 is an evidence that the occurrence of Non-compliance of Declaration of Service of this action has not interfered or prevent Defendant counsel for his timing of his response. Therefore, the issue of Non-compliance with Federal and local Rules are not an issues in this case at hand and should be disregarded by the Court.

2. Defendant counsel opposition against a 60 days continuance because it is unwarranted and will cause undue substantial prejudice. It is understood that disqualification of Counsel may well result in a hardship for the client who must find

other counsel. Often extensive preparation has gone into the case. And may be very difficult for a new lawyer to adequately familiarized himself with th particulars surrounding the matter (Like this Japan Airline case) involving highly technical subject, substitute counsel may not be able to master the complexity involved in the time allowed for preparation. Plaintiff motion for a 60 days is to find a new counsel.

3. Plaintiff Motion to disqualify Defendant counsel is opposed by its legal counsel on the grounds that do not exist in the law or the Guam Rules of Professional Conduct.

Counsel for Defendant misunderstood the purpose of this hearing. This is about the production of documents and to determine whether a settlement had been reached. The first hurdle of this hearing.

Should in this hearing will appear questions of legality in determination of the documents, the Rule of Law Defendant counsel mentioned is not applicable, because the violations are concerning the purported or so called "Binding Settlement Agreement", where Plaintiff did not approved. In normal cases, a "Binding Settlement Agreement" are signed by the Plaintiff and Defendant and witnessed by its counsels. It will also included an approval from the District Court. The absence of these facts will result to questions of the process and worst violations of laws. For Defendant Counsel being part or an "advocate" in the preparation of the purported or so called "Binding Settlement Agreement" is somehow detrimental or prejudicial. A violation of ABA/BNA, Lawyers Manual on Professional Conduct. Model Rule 3.7 and DR5-101 (B) prohibits a lawyer from, in most circumstances, acting as an advocate in a case in which a lawyer is likely to be called as witness.

And for Defendant counsel's argument of Sanctions, is baseless because the issues

that were used have nothing to do with the action being taken at hand. The Rules he mentioned in his responses are not related to the facts that will be based on the "Motions". As the Defendant counsel termed them as "tactical purposes or as a technique of harassment as his reasons, The Plaintiff term them his presence is detrimental or prejudicial being a part or an Advocate and likely to be a witness, is a Conflict of Interest.

It is also, to Sanction Plaintiff is a violation of his Civil Rights granted to him by the highest law of the land, the United States Constitution, to speak and fight for his rights as a U.S. Citizen.

Conclusion.

Plaintiff pray to the Court that all responses to the "Motions" by the Defendant be denied for lack of merits, and Plaintiff shall be granted for the continuance of the case and allow to find a new counsel.

Respectfully submitted on __19__, April, 2006

PRO SE

ROBERT J. DEL ROSARIO
Plaintiff