CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Japan Airlines International Co., Ltd.

FILED
DISTRICT COURT OF GUAM
MAY - 4 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ROBERTO J. DEL ROSARIO and MELANIE DEL ROSARIO,<br><br>Plaintiffs,<br><br>vs.<br><br>JAPAN AIRLINES INTERNATIONAL CO., LTD.,<br><br>Defendant. | CIVIL CASE NO. CIV04-00028<br><br>**NOTICE OF SUBMISSION; EXHIBIT A & B** |

NOTICE IS HEREBY GIVEN that Defendant Japan Airlines International Co., Ltd. hereby submits its [Proposed] Order Granting Defendant's Motion to Enforce Settlement Agreement as **Exhibit A** and, its [Proposed] Findings of Fact and Conclusions of Law as **Exhibit B**.

DATED: Hagåtña, Guam, May 4, 2006.

CARLSMITH BALL LLP

_/s/ David Ledger_
DAVID LEDGER
ELYZE McDONALD
Attorneys for Defendant
Japan Airlines International Co., Ltd.

# EXHIBIT "A"

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Japan Airlines International Co., Ltd.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ROBERTO J. DEL ROSARIO and MELANIE DEL ROSARIO,<br><br>Plaintiffs,<br><br>vs.<br><br>JAPAN AIRLINES INTERNATIONAL CO., LTD.,<br><br>Defendant. | CIVIL CASE NO. CIV04-00028<br><br>[PROPOSED]<br>ORDER GRANTING DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT |

The Parties are before the Court on Defendant's Motion to Enforce Settlement. Defendant contends that on February 24, 2006, Defendant accepted Plaintiff's offer to settle this action for $175,000. Then, on February 27, 2006, Plaintiff's counsel informed Defendant's counsel that the Plaintiff had disavowed the alleged settlement insisting instead that the case proceed to trial.

As a result, on March 30, 2006, the parties appeared before the Court for a Status Conference at which time the Court ordered the parties to appear on April 20, 2006 for evidentiary hearing for the purpose of taking evidence to determine whether or not the parties had entered into a binding settlement agreement.

**EXHIBIT A**

On April 20, 2006, the parties appeared before the Court for the evidentiary hearing. After considering the testimony and evidence presented at the hearing and the pleadings on file, the Court GRANTED Defendant's Motion to Enforce Settlement Agreement and ordered Defendant to submit Proposed Findings of Fact and Conclusions of Law.

On May 4, 2006, Defendant submitted Proposed Findings of Fact and Conclusions of Law. On _____, 2006 the Court filed Findings of Fact and Conclusions of Law setting forth in detail the facts and evidence presented during the April 20, 2006 evidentiary hearing as well as the Court's conclusion of law that on February 24, 2006, the parties had entered into a binding agreement to settle this action.

WHEREFORE, having been fully apprised of the premises and having reviewed all of the evidence submitted by the parties, the Court hereby enters this Order GRANTING Defendant's Motion To Enforce Settlement.

SO ORDERED:_____.

                                              HONORABLE JOAQUIN MANIBUSAN
                                              UNITED STATES MAGISTRATE JUDGE

# EXHIBIT "B"

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Japan Airlines International Co., Ltd.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ROBERTO J. DEL ROSARIO and MELANIE DEL ROSARIO,<br><br>Plaintiffs,<br><br>vs.<br><br>JAPAN AIRLINES INTERNATIONAL CO., LTD.,<br><br>Defendant. | CIVIL CASE NO. CIV04-00028<br><br>[PROPOSED]<br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

I.  INTRODUCTION

On April 20, 2006, the Court conducted an evidentiary hearing in conjunction with Defendant's Motion to Enforce Settlement. At the conclusion of that hearing, the Court GRANTED Defendant's motion and ordered Defendant to submit Proposed Findings of Fact and Conclusions of Law.

II. FINDINGS OF FACT

1. The Parties are before the Court on Defendant's Motion to Enforce Settlement. Defendant contends that on February 24, 2006, Defendant accepted Plaintiff's offer to settle this action for $175,000.

2. On February 27, 2006, Plaintiff's counsel informed Defendant's counsel that the Plaintiff had disavowed the alleged settlement insisting instead that the case proceed to trial. As a result, on February 27, 2006, both Counsel requested a Status Conference.

3. On February 27, 2006, the Court issued an order setting a Status Conference for March 1, 2006.

4. On March 1, 2006, the Court conducted a Status Conference. After hearing from both Counsel and considering the issues raised, the Court ordered David Ledger, Attorney for Defendant, and William Gavras, Attorney for the Plaintiff, to submit not later than March 10, 2006 Affidavits setting forth each counsel's version of the events leading up to the alleged February 24, 2006 settlement. The Court also ordered that Plaintiff could submit his own Affidavit, and that said Affidavit must be filed not later than March 15, 2006.

5. Plaintiff filed an Affidavit on March 7, 2006. Plaintiff's counsel served said Affidavit on Defendant's counsel on March 15, 2006.

6. On March 10, 2006, both Counsels submitted an Affidavit. The Court reviewed these and Plaintiff's Affidavits. Plaintiff's Affidavit contends that he did not authorize the alleged settlement.

7. The Court finds that the Ledger and Gavras Affidavits are consistent in their material averments regarding the events leading to the settlement. In particular, both counsels essentially state as follows: (i) On February 16, 2006 Plaintiff, through counsel, offered to settle the case for $200,000.00; (ii) on the same day, Defendant, through counsel, rejected this offer and counter offered to settle for $90,000.00; (iii) on February 24, 2006 Plaintiff, through counsel, rejected Defendant's $90,000 counter offer and, through counsel, offered to settle for $175,000; (iv) on February 24, 2006 Defendant, through counsel, unconditionally accepted Plaintiff's $175,000.00 offer.

8. The Court also finds that the Gavras Affidavit was sufficient in reciting that Plaintiff had authorized Gavras to settle the case on the terms stated in the Affidavits.

9. However, after considering the Affidavits of counsel, and considering the events leading up to the alleged settlement, the Court determined that there was still uncertainty surrounding the alleged settlement and, accordingly, set the matter for a Status Conference on March 30, 2006.

10. On March 30, 2006, the parties appeared before the Court for a Status Conference. At said Conference, the Court set an evidentiary hearing for April 20, 2006 for the purpose of taking evidence to determine whether or not the parties had entered into a binding settlement agreement. The Court informed Plaintiff that he could retain Counsel for the purpose of representing Plaintiff at said hearing, or that Plaintiff could elect to represent himself. Plaintiff requested and was given two weeks to decide.

11. The Court instructed the parties that for purposes of the evidentiary hearing and deciding the issues, the Court would treat the matter as a motion by Defendant to enforce the settlement agreement. In particular, the Court informed Defendant that it must prove (i) the existence of an attorney-client relationship between Plaintiff and his Counsel at the time the alleged offers and counter offers were exchanged; in other words, the requisite agency relationship between Plaintiff and his Counsel on which Defendant's counsel was entitled to rely in settlement negotiations with Plaintiff's counsel, and (ii) under Guam law, the formation of a contract to settle the case.

12. On April 12, 2006, Plaintiff filed motions to (i) terminate the services of Mr. Gavras (ii) continue the matter for sixty days to allow time to prepare a new Scheduling Order and (iii) disqualify Mr. Ledger from the case.

13. Defendant filed an Opposition to Plaintiffs motions and its own motion for Rule 11 Sanctions against Plaintiff.

14. On April 20, 2006, both Counsels and the Plaintiff appeared before the Court. Plaintiff informed the Court that for the proceedings he would represent himself. Prior to the commencement of taking evidence, the Court granted Plaintiff's motion to terminate the services of Mr. Gavras, denied Plaintiff's motion for a sixty (60) day continuance, denied Plaintiff's motion to disqualify Mr. Ledger from representing the Defendant, and denied Defendant's motion for sanctions against the Plaintiff for alleged Rule 11 violations. The Court then commenced with the taking of evidence for purposes of deciding Defendant's motion to enforce the settlement.

15. Defendant called William Gavras as its only witness. Gavras testified as to his approximately sixteen (16) years of law practice and also described in some detail his extensive experience handling personal injury cases. Gavras testified that over the years he has resolved approximately 95% of his personal injury cases by way of settlement.

16. Gavras also testified that of the 95% of personal injury cases resolved by settlement, almost all of them were resolved by way of negotiating the settlement with opposing counsel.

17. Gavras testified that, in his opinion, unless an opposing counsel knew or should have known that Gavras had no settlement authority, that opposing counsel was entitled to rely on Gavras' apparent authority to present and negotiate settlement offers on behalf of clients. Gavras testified that, in his opinion, on February 24, 2006 Ledger was entitled to rely on Gavras' apparent authority to make settlement offers on behalf of the Plaintiff in this action.

18. The Court finds that Mr. Gavras is sufficiently qualified to so testify, and credits said testimony. The Court also finds that on February 24, 2006, Ledger was entitled to reply on

Gavras' apparent authority to negotiate a settlement on behalf of the Plaintiff.

19. Gavras also testified that he had until Plaintiff terminated his services on April 12, 2006, represented the Plaintiff in this action without interruption. In particular, Gavras testified that his attorney-client relationship with the Plaintiff was in place during February 2006, when Gavras and Ledger negotiated the terms of the alleged settlement of this action.

20. The Court finds that at all times material to these proceedings, Gavras had an attorney-client relationship with Plaintiff. The Court also finds that Gavras was Counsel of record in this action beginning on June 8, 2004, when the Complaint was filed, until April 12, 2006, when Plaintiff terminated the services of Gavras.

21. Gavras further testified that Plaintiff had authorized each settlement offer Gavras made to Ledger, and in particular that Plaintiff authorized the $175,000 offer Gavras conveyed to Ledger on February 24, 2006. Gavras testified that within an hour of making the offer, Ledger accepted said offer unconditionally.

22. Plaintiff also testified at the evidentiary hearing. Plaintiff did not dispute the existence of an attorney-client relationship with Gavras up until the time Plaintiff terminated Gavras' services on April 12, 2006. However, Plaintiff denied having authorized Gavras to settle for $175,000.00.

23. Because the testimony of Gavras and Plaintiff differed on the issue of whether or not Gavras had authority to make the settlement offer, the Court determined that it must assess the credibility of each witness and the testimony given.

24. After due consideration, the Court finds that the credibility balance tips sufficiently in favor of Gavras such that the Court credits Mr. Gavras' testimony over that of Plaintiff. Accordingly, the Court finds that Plaintiff authorized Gavras to settle the action for $175,000.00.

25. However, the Court also finds that even if Plaintiff had not authorized said settlement, that Ledger was entitled to rely on the apparent authority of Gavras to settle the action for $175,000 because there was no reason for Ledger to doubt Gavras' authority to make the offer.

26. Ledger also testified at the hearing, having been called as a witness by Gavras. Ledger's testimony was consistent with the Affidavit he filed on March 10, 2006. The Court credits Ledger's testimony. Though Plaintiff was afforded an opportunity to cross examine Ledger, the cross examination did not have any impact on Ledger's direct testimony.

III. CONCLUSIONS OF LAW

1. The Court has jurisdiction to decide the issues raised by these proceedings in that (i) on February 21, 2006 the Parties filed their *Consent To The Exercise Of Jurisdiction By A United States Magistrate Judge*; and (ii) on February 21, 2006 Designated District Judge James L. Robart executed the *Order of Reference*.

2. Attorney William Gavras was counsel of record for Plaintiff Robert Del Rosario from at least June 8, 2004, when the Complaint was filed, until April 12, 2006, when Plaintiff terminated the services of Mr. Gavras.

3. At no time material to the issues raised herein did Attorney Ledger have reason to doubt the existence of said attorney-client relationship between Gavras and Plaintiff.

4. Rather, Ledger was entitled to reply on the apparent authority of Gavras to represent Plaintiff during the period of time beginning when the complaint was filed on June 8, 2004, until April 12, 2006, when Plaintiff terminated the services of Gavras.

5. Accordingly, Ledger was entitled to rely on Gavras' apparent authority in February 2006, and in particular on February 24, 2006, when Gavras conveyed an offer to settle the action for $175,000.00.

6. On February 24, 2006, Gavras conveyed to Ledger a valid offer to settle the action for $175,000.00.

7. Though the Court has found that the Plaintiff authorized said offer, said finding is not a prerequisite to the Court's conclusion that Ledger was then empowered to either accept or reject said offer.

8. On February 24, 2006, Japan Airlines, through its counsel Ledger, timely and unconditionally accepted Plaintiff's offer to settle for $175,000.00.

9. Therefore, the Court concludes that on February 24, 2006, the Parties entered into a binding contract to settle this action for $175,000.00.

SO ORDERED:_____.

_____
DESIGNATED JUDGE
Judge, District Court of Guam