DISTRICT COURT OF GUAM

TERRITORY OF GUAM

ROBERTO J. DEL ROSARIO,

    Plaintiff,

vs.

JAPAN AIRLINES INT'L CO., LTD.,

    Defendant.

Civil Case No. 04-00028

**FINDINGS OF FACT
and
CONCLUSIONS OF LAW**

On April 20, 2006, the Court conducted an evidentiary hearing in conjunction with the Defendant's Motion to Enforce Settlement.[1] At the conclusion of said hearing, the Court GRANTED the Defendant's motion. The Court hereby sets forth the basis for its ruling herein.

**FINDINGS OF FACT**

1. On February 21, 2006, the parties consented in writing to proceed before the below-signed Magistrate Judge, and on February 22, 2006, the above-captioned case was referred to the below-signed Magistrate Judge in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Docket No. 35.)

2. On February 27, 2006, the Court issued an Order setting a Status Conference for March 1, 2006. (Docket No. 39.)

3. At the March 1st Status Conference, the Defendant's counsel David Ledger

---

[1] A formal written motion to enforce the settlement was not filed by the Defendant. The Court, nonetheless, decided that a written motion was unnecessary since the dispute before it was factual in nature and could be resolved through an evidentiary hearing.

advised the Court that on February 24, 2006, he had accepted what he believed was a valid counteroffer proffered by the Plaintiff's attorney William Gavras. (Minutes, Docket No. 41.) Mr. Ledger further informed the Court that on February 27, 2006, Mr. Gavras advised him that the Plaintiff now wished to proceed to trial. (Id.) Mr. Gavras confirmed the Plaintiff's then position to proceed forward with a trial date. (Id.) Because the Defendant believed that a valid settlement had been negotiated and reached, Mr. Ledger's position was that a trial was no longer necessary. Based on the current posture of the case and the uncertainty surrounding the alleged settlement, the Court vacated the trial date. (Id.)

4. Thereafter, the Court ordered counsel to each file an affidavit setting forth the facts that transpired between them that resulted in the Defendant's belief that a valid and enforceable settlement was reached between the parties. (Docket No. 42.) The Court also afforded the Plaintiff the opportunity to file a separate affidavit himself. (Id.)

5. The Plaintiff filed an affidavit on March 7, 2006. (Docket No. 44.) Therein, the Plaintiff asserted that Mr. Gavras was not authorized to make said offer on his behalf. (Id. at ¶6.)

6. Mr. Gavras and Mr. Ledger each filed an affidavit on March 10, 2006. (Docket Nos. 45 & 46 respectively.) Mr. Gavras filed a Second Affidavit (Docket No. 48) on March 23, 2006, to clarify a misstatement in his original affidavit.

7. The Court finds that the Ledger and Gavras affidavits are consistent in their material assertions regarding the events leading up to the settlement. In particular, both counsel essentially state as follows: (i) in February 2006, Mr. Gavras, with the Plaintiff's authorization, offered to settle the case for $200,000.00; (ii) Mr. Ledger, on behalf of the Defendant, rejected this offer and instead proposed to settle the case for $90,000.00; (iii) after communicating with the Plaintiff, Mr. Gavras telephoned Mr. Ledger and rejected the Defendant's $90,000 counteroffer, but countered with an offer of $175,000.00; (iv) shortly thereafter, Mr. Ledger accepted the Plaintiff's $175,000 offer. (Docket Nos. 46 & 48.)

8. After considering the affidavits, the Court determined that there was still some uncertainty surrounding the alleged settlement and, thus, set the matter for a Status Conference

on March 30, 2006. (Docket No. 50.)

9. At the March 30th Status Conference, the Court scheduled an evidentiary hearing for April 20, 2006, for the purpose of taking evidence to determine whether the parties had entered into a binding settlement and whether Mr. Gavras was authorized to enter into such an agreement. (Minutes, Docket No. 52.) The Court advised the Plaintiff that he had the option of retaining separate counsel to assist him at said hearing since Mr. Gavras would likely be called as a witness. (Id.) The Plaintiff was given two weeks to make a decision. (Id.)

10. On April 12, 2006, the Plaintiff filed a motion seeking to (i) terminate Mr. Gavras as his counsel; (ii) continue this matter for 60 days to enable him to find new counsel; and (iii) disqualify Mr. Ledger as counsel for the Defendant. (Docket No. 54.) The Court scheduled said motion for hearing on the same date as the evidentiary hearing. (Order, Docket No. 55.)

11. On April 17, 2006, the Defendant filed its opposition to the Plaintiff's motion and requested that sanctions be imposed against the Plaintiff. (Docket No. 58.)

12. On April 18, 2006, Mr. Gavras filed a Statement of Non-Opposition to the Plaintiff's request that he be removed as counsel. (Docket No. 59.)

13. On April 19, 2006, the Plaintiff filed a reply brief and responded to the Defendant's request for sanctions. (Docket No. 60.)

14. At the April 20th evidentiary hearing, the Court instructed the parties that for purposes of the evidentiary hearing and deciding the issues, the Court would treat the matter as a motion by the Defendant to enforce the settlement agreement, although no formal written motion had been filed by the Defendant. The Plaintiff informed the Court that he would represent himself during the hearing. The Court took no further action on the Plaintiff's motion to terminate Mr. Gavras as his counsel since it recognized the Plaintiff's right to counsel of his choosing. The Court thereafter denied the Plaintiff's motion for a 60-day continuance, denied the Plaintiff's motion to disqualify Mr. Ledger from representing the Defendant, and denied the Defendant's motion for sanctions.

15. The Defendant called Mr. Gavras as its only witness. Mr. Gavras testified as to

his fifteen (15) years of law practice and experience handling personal injury cases. Mr. Gavras stated that he has resolved approximately 95% of his personal injury cases by way of settlement with opposing counsel as opposed to resolution through trial or arbitration.

16. Mr. Gavras testified that he had an attorney-client relationship with the Plaintiff until the Plaintiff terminated his services. In particular, Mr. Gavras testified that his attorney-client relationship with the Plaintiff was intact in February 2006, when he and Mr. Ledger negotiated the terms of the settlement in dispute herein.

17. Mr. Gavras further testified that on February 24, 2006, Mr. Ledger was entitled to rely on Gavras's apparent authority to make settlement offers on behalf of the Plaintiff in this action.

18. The Court finds that at all times material to these proceedings, Mr. Gavras had an attorney-client relationship with the Plaintiff. The Court also finds that Mr. Gavras was counsel of record in this action beginning on June 8, 2004, when the Complaint was filed, until April 12, 2006, when the Plaintiff filed a motion to terminate the services of Mr. Gavras.

19. As to the specifics regarding the settlement at issue, Mr. Gavras testified that as the trial date approached, the parties agreed to give settlement one last try. With the consent of the Plaintiff, Mr. Gavras telephoned Mr. Ledger and offered to settle the action for $200,000.00. Mr. Gavras stated that Mr. Ledger rejected the offer and countered with a figure of $80,000.00 but then raised it to $90,000.00. Mr. Gavras testified that he communicated the $90,000 counteroffer to the Plaintiff who then rejected it. The Plaintiff, however, authorized Mr. Gavras to then offer $175,000.00 This offer was conveyed to Mr. Ledger, who later accepted it on behalf of the Defendant.

20. Mr. Gavras testified that he believed the $175,000 offer was in the Plaintiff's best interest.

21. The Plaintiff testified on his own behalf and denied that he authorized Mr. Gavras to settle this action for either $175,000.00 or $200,000.00.

22. Having had the opportunity to hear the testimonies and observe the demeanor of both the Plaintiff and Mr. Gavras, the Court finds Mr. Gavras's testimony to be more

credible. Accordingly, the Court finds that the Plaintiff authorized Mr. Gavras to settle this action for $175,000.00.

23. Because the testimony of Gavras and Plaintiff differed on the issue of whether or not Gavras had authority to make the settlement offer, the Court determined that it must assess the credibility of each witness and the testimony given.

24. After due consideration, the Court finds that the credibility balance tips sufficiently in favor of Gavras such that the Court credits Mr. Gavras's testimony over that of Plaintiff. Accordingly, the Court finds that Plaintiff authorized Gavras to settle the action for $175,000.00.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction to decide the issues raised by these proceedings in that (I) the parties executed the *Consent to the Exercise of Jurisdiction by a United States Magistrate Judge*; and (ii) then designated District Judge James L. Robart executed the *Order of Reference*. (Docket No. 35.)

2. "An agent has such authority as the principal, actually or ostensibly, confers upon him." 18 GUAM CODE ANN. § 20212.

3. "Actual authority is such as a principal intentionally confers upon the agent, or intentionally, or by want of ordinary care, allows the agent to believe himself to possess." 18 GUAM CODE ANN. § 20213.

4. "Ostensible authority is such as a principal intentionally, or by want of ordinary care, causes or allows a third person to believe the agent to possess." 18 GUAM CODE ANN. § 20214.

5. "An agent represents his principal for all purposes within the scope of his actual or ostensible authority, and all the rights and liabilities which would accrue to the agent from transactions within such limit, if they had ben entered into on his own account, accrue to the principal." 18 GUAM CODE ANN. § 20301.

6. "A principal is bound by the acts of his agent, under a merely ostensible authority, to those persons only who have in good faith and without want of ordinary care

incurred a liability or parted with value, upon the faith thereof." 18 GUAM CODE ANN. § 20305.

6. It is undisputed that Mr. Gavras was counsel of record for the Plaintiff from at least June 8, 2004, when the Complaint was filed, until April 12, 2006, when Plaintiff terminated the services of Mr. Gavras.

7. Mr. Gavras acted as the attorney and the agent for the Plaintiff when he negotiated the settlement with Mr. Ledger.

8. At no time material to the issues raised herein did Mr. Ledger have reason to doubt the existence of an attorney-client relationship, and thus an agency relationship, between Mr. Gavras and the Plaintiff.

9. Accordingly, Mr. Ledger was entitled to rely on Mr. Gavras's actual and ostensible authority in February 2006, and in particular on February 24, 2006, when Mr. Gavras conveyed an offer to settle the action for $175,000.00.

10. On February 24, 2006, Mr. Gavras, on behalf of the Plaintiff and with his authority, conveyed to Mr. Ledger a valid offer to settle this action for $175,000.00.

11. On February 24, 2006, the Defendant, through its counsel Mr. Ledger, timely and unconditionally accepted the Plaintiff's offer to settle for $175,000.00.

12. Therefore, the Court concludes that on February 24, 2006, the parties entered into a binding contract to settle this action for $175,000.00.

SO ORDERED this _8th_ day of August 2006.

/s/ Joaquin V.E. Manibusan, Jr.
Joaquin V.E. Manibusan, Jr.
U.S. Magistrate Judge