William L. Gavras, Esq.
LAW OFFICES OF GORMAN & GAVRAS
A Professional Corporation
2nd Floor, J&R Building
208 Route 4
Hagåtña, Guam 96910
Telephone: 472-2302
Facsimile: 472-2342

**FILED**
DISTRICT COURT OF GUAM
OCT 3 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ROBERT DEL ROSARIO, | CIVIL CASE NO. 04-00028 |
| Plaintiff, | |
| vs. | MEMORANDUM REGARDING THIS COURT'S JURISDICTION |
| JAPAN AIRLINES INTERNATIONAL CO., LTD., | REGARDING ITS AUGUST 8, 2006 ORDER |
| Defendant. | |

Comes Now Gorman & Gavras, P.C., by and through William Gavras and states as follows:

The general rule is that a federal district court and court of appeals should not attempt to assert jurisdiction over a case simultaneously. Griggs v. Provident Consumer Discount Company, 459 U.S. 56, 58 (1982). See also, Gundacker v. Unisys Corp., 151 F.3d 842, 848 (8th Cir. 1998)("Generally a notice of appeal divests the district court of jurisdiction."). If the general rule were applicable to the case at bar, this Court would be unable to act to enforce or modify its August 8, 2006 order as Plaintiff has appealed that order. However, there are many exceptions to the rule. Knutson v. AG Processing, Inc., 302 F.Supp.2d 1023 (N.D. Iowa 2004)(setting for a "list that is by no means exhaustive" including the ability to correct clerical mistakes, considering a post-judgment renewal of a prior motion for judgment as a matter of law, considering a post-

judgment motion to amend findings or make additional findings; considering a post-judgment motion to alter or amend a judgment, or for a new trial, granting relief under Rule 60, suspending or modifying an injunction pending appeal.) Id at 1031-32.

"Additionally, 'the district court has jurisdiction to act to enforce its judgment so long as the judgment has not been stayed or superseded.'" Knutson 302 F.Supp.2d at 1032 (*citing* Nicol v. Gulf Fleet Supply Vessels, 743 F.2d 298, 399 n.2 (5th Cir. 1984); State of Corado v. Idaraddo Min. Co. 916 F.2d 1486, 1490 n.2 (10th Cir. 1990); NLRB V. Cincinnati Bronze, Inc., 829 F.2d 585, 588 (6th Cir. 1987)); " Ross v. Marshall, 426 F.3d 745, 751 (5th cir. 2005)("Our court follows the general rule that 'the filing of a valid notice of appeal from a final order of the district court divests that court of jurisdiction to act on the matters involved in the appeal, except to aid the appeal, correct clerical errors, or enforce its judgment so long as the judgment ahs not been stayed or superseded.'" Because no stay is in place, this Court has jurisdiction to enforce and otherwise deal with its August 8, 2006 order.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was faxed to Plaintiff's counsel and Defendant's counsel October 3, 20096.

LAW OFFICES OF GORMAN & GAVRAS

Date: 10-3-06

By: _____
WILLIAM L. GAVRAS, ESQ.