CARLSMITH BALL LLP

DAVID LEDGER
ELYZE MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Japan Airlines International Co., Ltd.



FILED
DISTRICT COURT OF GUAM

NOV 28 2006

MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ROBERTO J. DEL ROSARIO and MELANIE DEL ROSARIO,<br><br>Plaintiffs,<br><br>vs.<br><br>JAPAN AIRLINES INTERNATIONAL CO., LTD.,<br><br>Defendant. | CIVIL CASE NO. CIV04-00028<br><br>JAPAN AIRLINES INTERNATIONAL CO., LTD.'S MEMORANDUM REGARDING SETTLEMENT PROCEEDS; DECLARATION OF SERVICE |

On November 13, 2006 Japan Airlines International ("JAL") requested additional time until November 28, 2006 to file a memorandum with regard to the $175,000 settlement with Plaintiff Robert Del Rosario. As indicated in f.n. 1 of that November 13th pleading, progress had been made on resolving the issue of whether JAL or Mr. Del Rosario would be entitled to interest on the $175,000; in particular, interest earned on the funds should JAL deposit the funds in the Court's bank account pending the outcome of Mr. Del Rosario's appeal to the Ninth Circuit seeking reversal of this Court's Order and Findings of fact and Conclusions of Law enforcing settlement filed August 9, 2006. On November 16, 2006 the Court filed an Order granting JAL's request for an extension until November 28, 2006 to file this Memorandum.

The Declaration of Elyze McDonald filed contemporaneously with this Memorandum is to inform the Court that the issue of entitlement to interest on the $175,000 has been resolved in favor of JAL. Accordingly, JAL hereby informs the Court of its willingness to deposit $175,000 in the Court's bank account as payment of the settlement with Robert Del Rosario, under the following conditions:

1. No portion of the money will be distributed from the Court's bank account until Mr. Del Rosario's Ninth Circuit appeal is concluded, and then will not be distributed until further order of the Court. This limit on distribution specifically includes any portion of the settlement which may be claimed by legal counsel for services rendered and costs advanced on behalf of Mr. Del Rosario. (JAL understands that Mr. Del Rosario's former legal counsel William Gavras agrees with this limitation on distribution).

2. Any eventual order of distribution will specifically state that such distribution entirely satisfies JAL's obligation to pay the settlement of $175,000, and that JAL shall have no further obligation of any kind to Mr. Del Rosario.

3. If Mr. Del Rosario's Ninth Circuit appeal is denied (August 9, 2006 Order Enforcing Settlement affirmed), then Mr. Del Rosario shall receive $175,000 in accordance with paragraphs 1 and 2 above.

4. Mr. Del Rosario shall not receive any interest the money earns between the time it is deposited with the Court and either distributed to Mr. Del Rosario under paragraphs 1 and 2 above or returned to JAL, depending on how the Ninth Circuit decides Mr. Del Rosario's appeal.

5. If the Ninth Circuit denies the appeal (August 9, 2006 Order Enforcing Settlement affirmed) all interest earned on the $175,000 shall be returned to JAL.

6. If the Ninth Circuit grants the appeal (August 9, 2006 Order Enforcing Settlement not affirmed) the $175,000, plus all interest earned, shall be returned to JAL.

7. JAL will use reasonable efforts in accordance with its standard procedures for disbursements of money in litigation matters to pay the $175,000 into the Court's bank account not later than January 15, 2007.

If any party disagrees with the above conditions, then JAL requests that such party inform the Court in a timely fashion and that the Court then set a Status Conference requiring attendance by all counsel of record in this action as well as Attorney William Gavras.

Respectfully submitted this 28th day of November 2006.

CARLSMITH BALL LLP

_____
DAVID LEDGER
ELYZE McDONALD
Attorneys for Defendant
Japan Airlines International Co., Ltd.

## DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on the 28th day of November 2006, I will cause to be served, via hand delivery, a true and correct copy of the **JAPAN AIRLINES INTERNATIONAL CO., LTD.'S MEMORANDUM REGARDING SETTLEMENT PROCEEDS; DECLARATION OF SERVICE** upon Plaintiffs Counsel of record as follows:

> Howard Trapp, Esq.
> Howard Trapp Incorporated
> 200 Saylor Building
> 139 Chalan Santo Papa
> Hagåtña, Guam 96910

Executed this 28th day of November 2006 at Hagåtña, Guam.

_____
DAVID LEDGER