William L. Gavras, Esq.
LAW OFFICES OF GORMAN & GAVRAS
A Professional Corporation
2nd Floor, J&R Building
208 Route 4
Hagåtña, Guam 96910
Telephone: 472-2302
Facsimile: 472-2342

**FILED**
DISTRICT COURT OF GUAM
NOV 28 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ROBERT DEL ROSARIO, | CIVIL CASE NO. 04-00028 |
| Plaintiff, | |
| vs. | |
| JAPAN AIRLINES INTERNATIONAL CO., LTD., | STIPULATION OF PLAINTIFF AND GORMAN & GAVRAS, P.C. REGARDING ATTORNEY FEES |
| Defendant. | |

Comes Now Plaintiff, Robert Del Rosario, personally and by and through his counsel, Howard Trapp, and Gorman & Gavras, P.C., by and through William Gavras, and stipulate as follows:

1. Plaintiff has filed a notice of appeal in this matter; said appeal arising out of this Court's finding that Plaintiff and Defendant entered into an enforceable settlement which resolved all issues in this case.

2. In its August 8, 2006 Order, this Court ordered William Gavras (the undersigned who was Plaintiff's former counsel) to meet and confer with Plaintiff so that the proper distribution of settlement funds could be determined. If no agreement could be reached on distribution, William Gavras was ordered to file a motion asking this Court to make distribution.

3. Pursuant to this Court's August 8, 2006 order, Plaintiff's current counsel and William Gavras have conferred regarding the appropriate distribution of the settlement funds. It was agreed that in lieu of immediately distributing the settlement funds:

   a. the distribution should not take place until Plaintiff's current appeal is resolved;

   b. that if the August 8, 2006 order appealed from is upheld on appeal, there will be no further litigation concerning this matter (04-00028) and this Court shall distribute the settlement funds as follows: Plaintiff's former counsel (Gorman & Gavras, P.C.) is to receive its fees pursuant to the presumptive caps on contingent fee contracts found in 7 GCA. § 26601 less one thousand dollars. Plaintiff's former counsel is also to receive his costs on this matter. If Plaintiff and his counsel cannot agree on said costs, this Court shall retain jurisdiction to resolve any dispute concerning costs. Plaintiff's former counsel is to receive any interest which accumulates on the attorneys fees (computed *supra,* this paragraph) and costs advanced from the date the settlement monies are paid by Defendant Japan Airlines into the Court. Any liens (medical or otherwise) shall be paid out of the settlement funds after attorney's fees and costs are deducted.

4. Plaintiff shall not refer to this stipulation on appeal nor shall it be included in any way in the record for the appeal he has taken from the Court's August 8, 2006 order.

LAW OFFICES OF GORMAN & GAVRAS

Date: 11-28-06

By: _____
WILLIAM L. GAVRAS, ESQ.
GORMAN & GAVRAS, P.C.

Date: NOV 2 4 2006

_____
HOWARD TRAPP
For HOWARD TRAPP INCORPORATED
Attorney for Plaintiff

Date: NOV 2 4 2006

_____
ROBERT DEL ROSARIO
Plaintiff

Rc
~~SO ORDERED:~~