CARLSMITH BALL LLP

DAVID LEDGER
ELYZE MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Japan Airlines International Co., Ltd.



**FILED**
DISTRICT COURT OF GUAM

DEC 14 2006

MARY L.M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ROBERTO J. DEL ROSARIO and MELANIE DEL ROSARIO,<br><br>Plaintiffs,<br><br>vs.<br><br>JAPAN AIRLINES INTERNATIONAL CO., LTD.,<br><br>Defendant. | CIVIL CASE NO. CIV04-00028<br><br>**SUBMISSION OF ORIGINAL SIGNATURE PAGE OF THE DECLARATION OF ELYZE MCDONALD REGARDING JAPAN AIRLINES INTERNATIONAL CO., LTD.'S PAYMENT OF SETTLEMENT PROCEEDS; DECLARATION OF SERVICE** |

Filed herewith is the original signature page of the Declaration of Elyze McDonald Regarding Japan Airlines International Co., Ltd's Payment of Settlement Proceeds with respect to the Submission of Electronic Transmission (PDF) Signature Page filed on November 28, 2006.

Executed this 7th day of December 2006 at Hagåtña, Guam.

CARLSMITH BALL LLP

*/s/ Elyze McDonald*
DAVID LEDGER
ELYZE McDONALD
Attorneys for Defendant
Japan Airlines International Co., Ltd.

4820-8840-8065.1.051729-00006

**ORIGINAL**

## DECLARATION OF SERVICE

I, Elyze McDonald, hereby declare under penalty of perjury of the laws of the United States, that on the 14th day of December 2006, I will cause to be served, via hand delivery, a true and correct copy of the SUBMISSION OF ORIGINAL SIGNATURE PAGE OF THE DECLARATION OF ELYZE McDONALD REGARDING JAPAN AIRLINES INTERNATIONAL CO., LTD.'S PAYMENT OF SETTLEMENT PROCEEDS; DECLARATION OF SERVICE upon Plaintiffs Counsel of record as follows:

>Howard Trapp, Esq.
>Howard Trapp Incorporated
>200 Saylor Building
>139 Chalan Santo Papa
>Hagåtña, Guam 96910

Executed this 14th day of December 2006 at Hagåtña, Guam.

_____
ELYZE McDONALD

5. We discussed the issue of the payment of interest on the settlement proceeds of $175,000. Mr. Trapp told me that his client conceded that he was not entitled to interest because he – not JAL - was appealing the Magistrate's decision that the settlement agreement was valid.

6. Furthermore, this discussion arose from Mr. Trapp's request that JAL agree not to oppose Mr. Del Rosario's request for an extension of thirty days to file his Appellate Brief before the Ninth Circuit. *Mr. Trapp stated that JAL would not be harmed by such an extension because Mr. Del Rosario was not claiming interest on the settlement proceeds.* On this basis, JAL agreed to an extension of thirty days for Mr. Del Rosario to file his Appellate Brief.

7. Based on Mr. Del Rosario's concession discussed in paragraph 6 above, Mr. Del Rosario bargained away any right he may have had to collect interest and should be held to that bargain, just as this Court held him to the bargain he made with JAL to settle the case for $175,000.

Executed this 27th day of November 2006.

_____
ELYZE McDONALD