CARLSMITH BALL LLP

DAVID LEDGER
ELYZE J. McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Japan Airlines International Co., Ltd.

**FILED**
DISTRICT COURT OF GUAM
JUL 24 2007
MARY L.M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ROBERTO J. DEL ROSARIO and MELANIE DEL ROSARIO,<br><br>Plaintiff,<br><br>vs.<br><br>JAPAN AIRLINES INTERNATIONAL CO., LTD.,<br><br>Defendant. | CIVIL CASE NO. CIV04-00028<br><br>**STATUS REPORT REGARDING DEPOSIT OF SETTLEMENT AMOUNT; DECLARATION OF SERVICE** |

### I.   BACKGROUND

Previously, on November 28, 2006 Japan Airlines International Co., Ltd. (JAL) submitted

a pleading entitled Memorandum Regarding Settlement Proceeds. The Memorandum concerned

an agreement between the various interested parties whereby JAL would deposit with the Court

$175,000 as payment of the settlement reached with plaintiff Del Rosario, pending outcome of

Plaintiff Del Rosario's appeal to the Ninth Circuit of this Court's Order enforcing the settlement

between Del Rosario and JAL. Basically, if the Ninth Circuit affirmed, this Court would preside

over distribution of the $175,000 to those parties making a claim to it, but in any case would

3:10

deem JAL to have met its obligation to Del Rosario to pay the settlement. On the other hand, if the Ninth Circuit reversed enforcement of the settlement agreement, the Court would return the $175,000 to JAL.

Subsequent to JAL's settlement Memorandum and before JAL deposited the money, another party, a Mr. Suehiro represented by Guam Attorney Michael Flynn, asserted a claim to the $175,000. Mr. Flynn provided JAL with copies of the papers which alleged Mr. Suehiro's interest in the $175,000. As a result, JAL legal counsel began to re-think the propriety of depositing the $175,000 pending a Ninth Circuit decision. In particular, JAL legal counsel perceived at least the risk of depositing the $175,000 yet in some manner being deemed to have not met its settlement obligation to Mr. Del Rosario. While this analysis was underway, Mr. Suehiro, through Mr. Flynn's law office, filed a lawsuit alleging his claim to the $175,000 numbered as CV No. 07-00017. According to Mr. Flynn, the status of CV 07-00017 is:

> The Defendants in Civil Case No. 07-00017 were served with the Summons and the Complaint on June 27, 2007, but failed to file an Answer within the required 20 day timeframe. As a result, Plaintiff intends to request entry of default. Thereafter, assuming the Clerk of Court enters default, Plaintiff intends to obtain a hearing date, pursue a default judgment and, assuming judgment is obtained, levy upon the funds deposited with the Clerk of Court under Court Order in Civil Case No. 04-00028.

JAL has no desire to get in the fight between Mr. Suehiro and Mr. Del Rosario over the $175,000. Rather, JAL's only interest, *if the Ninth Circuit affirms*, is to pay the settlement into the Court and be assured, by order of this Court, that JAL has no further obligation to Mr. Del Rosario, under any set of circumstances. On the other hand, *if the Ninth Circuit reverses*, JAL should not be even temporarily dispossessed of its $175,000, nor should JAL consent to deposit the money in this Court's account, or any other account, pending a decision on the appeal, thereby giving at least some access to the money to the feuding parties and at least creating a risk

that if anyone other than Mr. Del Rosario obtains the money, that JAL would have to "pay twice." JAL has little doubt that if anyone other than Mr. Del Rosario obtains the money or rights to the money that Mr. Del Rosario will use all possible means to recover from JAL on grounds that JAL failed to meet its settlement obligation *to Mr. Del Rosario.*

During the weeks of July 16 and July 23, 2007 JAL legal counsel contacted other counsel of record in this matter to propose a solution to JAL's dilemma. In essence the solution is that all parties to this action simply await the Ninth Circuit decision on the order enforcing settlement and that meantime, JAL not deposit the $175,000. Attorney Howard Trapp and Attorney William Gavras have agreed to this proposal. Additionally, JAL legal counsel has informed Mr. Flynn that JAL has not deposited the $175,000 and does not intend to do so unless and until the Ninth Circuit affirms the order enforcing settlement.

## II. CONCLUSION

Based on the foregoing, absent a contrary order or ruling from this Court, JAL will await the Ninth Circuit decision before acting on the settlement. If the Ninth Circuit affirms, JAL will, on order of this Court, deposit the $175,000 and be entitled to an order deeming JAL to have met its settlement obligation to Mr. Del Rosario, leaving those parties claiming an interest in the $175,000 to litigate their respective claims. If the Ninth Circuit reverses the order enforcing settlement, then, or course, the payment of the $175,000 becomes a moot issue.

DATED: Hagåtña, Guam, July 24, 2007.

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE J. McDONALD
Attorneys for Defendant
Japan Airlines International Co., Ltd.

## DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on July 24, 2007, I will cause to be served, via hand delivery, a true and correct copy of the STATUS REPORT REGARDING DEPOSIT OF SETTLEMENT AMOUNT; DECLARATION OF SERVICE upon the following Counsels of record as follows:

> Howard Trapp, Esq.
> Howard Trapp Incorporated
> 200 Saylor Building
> 139 Chalan Santo Papa
> Hagåtña, Guam 96910
>
> William L. Gavras, Esq.
> Law Offices of William Gavras
> 2nd Floor, J&R Building
> 208 Route 4
> Hagåtña, Guam 96910

and

> Michael D. Flynn, Jr., Esq.
> Maher Yanza Flynn Timblin, LLP
> 115 Hesler Place, Ground Floor
> Governor Flores Building
> Hagåtña, Guam 96910

Executed this 24th day of July 2007 at Hagåtña, Guam.

DAVID LEDGER