William L. Gavras, Esq.
LAW OFFICES OF GORMAN & GAVRAS
A Professional Corporation
2nd Floor, J&R Building
208 Route 4
Hagåtña, Guam 96910
Telephone: 472-2302
Facsimile: 472-2342

Attorneys for Plaintiff
ROBERT J. DEL ROSARIO


FILED
DISTRICT COURT OF GUAM
MAR 27 2008
JEANNE G. QUINATA
Clerk of Court

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ROBERT J. DEL ROSARIO, | CIVIL CASE NO. 04-00028 |
| Plaintiff, | |
| vs. | CLAIM OF GORMAN & GAVRAS P.C. |
| JAPAN AIRLINES INTERNATIONAL CO., LTD., | |
| Defendant. | |

In accordance with the Ordered filed March 20, 2008, Gorman & Gavras, P.C. hereby informs the Court that it claims an interest in the amount of $ $38,964.81 from settlement proceeds due to Mr. Del Rosario.

The amount is computed as follows:

| | |
|---|---|
| Attorney's fees computed according to paragraph 3 of Exhibit A ................................................................ | $33,586.84 |
| Less $1000,00 per later agreement with Del Rosario .......... | - $1,000.00 |
| | $32,586.84 |

Attorney costs:

| | |
|---|---|
| Medical records (Bollinger) 9/8/03 | $10.00 |
| Medical records (GMHA) 10/21/03 | $18.49 |
| American Realtime Court Reporters | $1,200.00 |
| Interpreter Fee | $1,172.18 |
| Wire transfer fee | $35.00 |

ORIGINAL

**Del Rosario et. al. v. Japan Airlines International, et. al.,**
**Claim of Interest**
**March, 2008**

| | |
|---|---|
| Medical Records (Bollinger) | $10.00 |
| SDA – medical records | $35.00 |
| Dr. Carlos – medical examination | $1000.00 |
| Diagnostic Laboratory | $85.03 |
| Video Deposition | $982.45 |
| Expert and Depo fee (Bollinger) | $1,250.00 |
| Total Claim of Interest | $38,384.99 |

Said amount ignores any interest owed.

LAW OFFICES OF GORMAN & GAVRAS

Date: March 10, 2006.

By: _____
WILLIAM L. GAVRAS, ESQ.

## DECLARATION OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing will be hand delivered on March 27, 2008 to Howard Trapp, Michael Flynn and David Ledger.

_____

2

Exhibit A

**Law Offices of**
**GORMAN & GAVRAS**
118- A CHALAN SANTO PAPA
HAGATNA, GUAM 96910
TEL (671) 472-2302
FAX (671) 472-2342
e-mail: legaleagle@netpci.com

## ATTORNEY / CLIENT CONTINGENCY FEE CONTRACT

**THIS CONTINGENCY FEE CONTRACT** is entered into on November 7, 2002, by and between Robert Del Rosario, herein referred to as "Client", and the Law Offices of Gorman and Gavras, hereinafter referred to as "Attorney".

1. **Conditions.** This contract will not take effect, and Attorney will have no obligation to provide legal services, until Client returns a signed copy of this Contract.

2. **Scope & Duties.** Client agrees to employ Attorney to provide legal services in Guam in connection with an accident of July 20, 2002, against Japan Airlines and an unknown insurance company.

Attorney will perform those services reasonably required to represent Client, and shall take reasonable steps to keep Client informed of the matter's progress and to respond to Client's inquiries. Client shall be truthful with Attorney, cooperate with Attorney, keep Attorney informed of developments, abide by this Contract, pay Attorney's bills on time and keep Attorney advised of Client's address, telephone number and whereabouts.

The attorney agrees to forward offers of settlement to the client with recommendations regarding settlement and while the client has the final settlement authority, such client agrees to take into consideration the attorney's experience and judgment in recommending settlement.

This is the only matter covered by this Contract. If Client has hired Attorney on any other matter, a separate Contract evidences that fact. This representation does not include any post-trial motions or appeal unless Client wishes to retain Attorney for that purpose, in which case another contract will be signed for that purpose.

3. **Attorney Compensation.** As compensation for services provided by the attorney, the client agrees to pay to the attorney a percentage of all monetary proceeds recovered by the attorney in this claim by way of settlement, judgment or award based on the following schedule as authorized in 7 Guam Code Ann. § 26601:

(1) Thirty-three and one-third percent (33 1/3%) on the first Fifty Thousand Dollars ($50,000.00) recovered;

(2) Twenty percent (20%) on the next Fifty Thousand Dollars ($50,000.00) recovered;

(3) Ten percent (10%) on any amount recovered over One Hundred Thousand Dollars ($100,000.00); and

(4) Where the amount recovered is for the benefit of a minor or incompetent and the action is settled without trial the foregoing limits shall apply, except that the fee on any amount

recovered up to Fifty Thousand Dollars ($50,000.00) shall not exceed twenty-five percent (25%).

The above contingent legal fees shall be computed on the gross sum recovered by Client before deducting disbursements made in connection with the institution and prosecution of the Client's claim and litigation, i.e., costs and expenses exclusive of medical specials, expert witness fees and investigator fees.

If, at the conclusion of the case, Attorney considers that the contingent fees within the above statutory limits are insufficient, he may apply to the court after written notice to Client, for an increase in the fee, which the court after a hearing may grant in such amount, if any, as is deemed reasonable in all of the circumstances. (see 7 G.C.A. § 26601).

4. **Costs and Expenses.** In addition to paying legal fees, Client shall reimburse Attorney for all costs and expenses incurred by Attorney. Client authorizes Attorney to incur all reasonable costs and to hire any investigators, consultants, legal assistants or expert witnesses reasonably necessary in Attorney's judgment, including paralegals.

Reimbursement or client deposit shall be made upon demand by attorney.

Client shall not be liable to pay Attorney any compensation other than reasonable expenses, unless a monetary settlement or monetary award is obtained after execution of this agreement. If there is no settlement or award and no monetary proceeds are received, the client shall be liable to the attorney for reasonable disbursements and out-of-pocket expenses as listed above.

5. **Discharge and Withdrawal.** Client may terminate Attorney at any time without stating a reason. Attorney may withdraw at any time without stating a reason as long as such withdrawal permits sufficient time for the Client to retain other counsel. However, if termination or withdrawal occurs, then Attorney is entitled to compensation based upon the schedule provided in Section 3 ("Compensation") of this Contract. Specifically, the percentages referred to in Section 3 will be applied to the highest offer to settle or compromise Client's claims received just prior to termination or withdrawal from the party or parties responsible for Client's loss and/or damages whether or not the offer was accepted or rejected by Client. Attorney will retain a lien upon Client's case and is entitled to be paid out of the proceeds of any settlement, judgment or recovery in the case.

If no offer to settle or compromise client's claims has been received <u>and</u> it is Client who terminates this Contract, then Attorney is entitled to receive compensation at $175.00 per hour for all time expended representing Client. However, in no event shall compensation computed by this hourly rate be less than $500.00 in recognition of the initial costs, expenses and liability incurred by Attorney when entering into the attorney/client relationship and contract.

6. **Conclusion of Services & Limited Power of Attorney.** When Attorney's services conclude, all unpaid charges shall become immediately due and payable. After Attorney's services conclude, Attorney will, upon Client's request, deliver Client's file to Client, along with any Client funds or property in Attorney's possession.

**Attorney - Client Contingency Fee Contract**
Page 3

Client hereby authorizes Attorney to withhold the attorney's fees, costs of processing the claim, and other obligations authorized by the client such as medical bills, outstanding liens and investigators fees, from the settlement or award prior to disbursements of settlement or award proceeds to the client. In this regard, Client further agrees that Attorney may endorse by power of attorney on client's behalf, any checks or disbursements in connection with this case, and deposit same directly into Attorney's attorney/client trust account.

7. **Association of Counsel.** Client hereby authorizes Attorney to hire Associate Counsel at Attorney's discretion.

8. **Disclaimer of Guarantee.** Nothing in this Contract and nothing in Attorney's statements to Client will be construed as a promise or guarantee about the outcome of Client's matter or how much the case might cost. Every case is different. Attorney makes no such promises or guarantees about whether Client will win his/her case. Attorney's comments about the outcome and cost of Client's case are expressions of opinion only.

9. **Dispute Resolution.** Any dispute or controversy between Attorney and Client arising out of this contract, shall be resolved by a judge of the Superior Court of Guam sitting without a jury. Client and Attorney hereby expressly waive their right to a jury trial in this regard. The prevailing party shall be entitled to recover costs of suit and reasonable attorney fees.

IN WITNESS WHEREOF, we have signed our names on the day and year noted next to our signature.

**ROBERT DEL ROSARIO**
**Client**

**WILLIAM L. GAVRAS**
**Attorney**

11-07-02
**Date**

11/7/02
**Date**