Mark Williams, Esq.
LAW OFFICES OF MARK E. WILLIAMS, P.C.
Second Floor, K&F Building
213 E. Buenavista Ave.
Dededo, Guam 96929
Telephone:   671-637-9620
Facsimile:    671-637-9660

**FILED**
DISTRICT COURT OF GUAM

APR 0 1 2008

JEANNE G. QUINATA
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

ROBERT J. DEL ROSARIO,

                Plaintiff

      vs.

JAPAN AIRLINES INTERNATIONAL
CO., LTD.

                Defendant

CIVIL CASE NO. CIV04-00028

INFORMATION REPORT
AND CLAIMS

ORIGINAL

The purpose of this report is to inform the court of the identity of additional claimants against the proceeds of the plaintiff's settlement in this matter, as directed by order of this Court of March 20, 1008.

The individuals involved and the amount of their claims are as follows:

| | |
|---|---|
| Jovito Jasmin and Dolores G. Jasmin: | $ 150,000.00 |
| Edgar Cardines: | $ 50,000.00 |
| Ronnie Cardines | $ 50,000.00 |
| Caroline J. Cardines and Rose J. Alvaro | $ 50,000.00 |
| Ricardo J. Cardines and Rose J. Alvaro | $ 50,000.00 |
| Ricardo J. Cardines | $ 150,000.00 |
| Josephine Galope and Rose J. Alvaro | $ 50,000.00 |
| Conie Zerezo | $ 50,000.00 |

During the period of March 21, 2005, through August 13, 2005, Mr. Del Rosario executed several assignment agreements and guaranty agreements with the above-identified

individuals, and in return promised them proceeds of the settlement of his civil case against Japan Air Lines Co, Ltd.

Mr. Del Rosario executed these assignment agreements and guaranty agreements for these individuals, which provided that he would keep them informed of the status of his case, and in exchange for cash advanced from the individuals, agreed to pay amounts to these individuals ranging from $50,000 to $150,000.00, as identified above and in the declarations of said individuals filed concurrently herein.

As detailed in the declarations filed concurrently with this report, and the agreements incorporated with those declarations which were executed between Mr. Del Rosario and the subject individuals, Mr. Del Rosario guaranteed to each individual that there was $3 million dollars "in the bank" for distribution to him, and that payment to these individuals would be made in a matter of days in exchange for these agreements, and further assured these individuals that he would keep them informed of the status of his case.

Mr. Del Rosario further told these individuals that he was going to the states to receive this money, when in fact, as detailed in the individual declarations, Mr. Del Rosario had relocated, and refused to communicate further with these individuals, and had disconnected his telephone.

Respectfully submitted this _31_ day of _May_ , 20 _08_.

LAW OFFICES OF MARK E. WILLIAMS, P.C.

Mark Williams, Esq.                                    Date
*Attorney for Petitioners*

1

## DECLARATION OF SERVICE

2

  The undersigned hereby certifies that a true and correct copy of the foregoing will be
delivered on or before April 3, 2008, to the Offices of Howard Trapp, Inc., The Law Offices of
Maher Yanza Flynn and Timblin, and Carlsmith Ball LLC.

3

4

5

              Mark Williams         Date

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

# DECLARATION

I, RICARDO J. CARDINES , hereby declare as follows;

On or about MARCH 21, 2005 , Mr. Del Rosario guaranteed me that there was $3 million dollars in the bank for distribution and that payment to me would be made w/in 3 Working days in exchange for an Assignment Agreement. Mr. Del Rosario further assured me that he would keep me informed of the status of the case. Mr. Del Rosario further told me that he would be going to Hawaii and San Francisco, California to sign documents to settle the suit against Japan Airlines and that he would be receiving the settlement amount of $3 million which is deposited in a bank account for his disposition. Mr. Del Rosario has since relocated to the Philippines and has not taken the initiative to make contact with me as stipulated on the Assignment Agreement. Mr. Del Rosario had also changed his cellular phone numbers and nowhere to be found, thereby refusing to communicate with me.

I declare that I have firsthand knowledge of the foregoing facts, that I have read the foregoing statement and that the information contained herein is true and correct to the best of my knowledge and belief, and declaration is executed under penalty of perjury on 3-17-08 .


RICARDO J. CARDINES
Name {Print}

Signature

# DECLARATION

I, _Rose J. Alvaro_ , hereby declare as follows;

On or about _Aug. 13, 2001_, Mr. Del Rosario guaranteed me that there was $3 million dollars in the bank for distribution and that payment to me would be made _within 3 working days_ in exchange for an Assignment Agreement. Mr. Del Rosario further assured me that he would keep me informed of the status of the case. Mr. Del Rosario further told me that he would be going to Hawaii and San Francisco, California to sign documents to settle the suit against Japan Airlines and that he would be receiving the settlement amount of $3 million which is deposited in a bank account for his disposition. Mr. Del Rosario has since relocated to the Philippines and has not taken the initiative to make contact with me as stipulated on the Assignment Agreement. Mr. Del Rosario had also changed his cellular phone numbers and nowhere to be found, thereby refusing to communicate with me.

I declare that I have firsthand knowledge of the foregoing facts, that I have read the foregoing statement and that the information contained herein is true and correct to the best of my knowledge and belief, and declaration is executed under penalty of perjury on _3-17-08_ .


_ROSE J. ALVARO_
Name {Print}

_Rjalvar_
Signature

# ASSIGNMENT AGREEMENT

This Assignment Agreement is made this 21st day of March, 2005, by and between ROBERT J. DEL ROSARIO of P.O Box 7394 Tamuning, Guam 96931 (hereinafter referred to as the "ASSIGNOR") and Ricardo J. Cardines and Rose J. Alvaro whose mailing address is P.O Box 27755 G.M.F. Barrigada, Guam 96921 (hereinafter referred to as the "ASSIGNEE").

WHEREAS, Assignee has provided good and valuable consideration to Assignor by virtue of the promissory note of Assignor unto Assignee, of even date herein, Assignor does hereby make the following Assignment unto the Assignee.

1. Assignor pledges and assigns to Assignee the amount of $50,000.00 of Assignor's interest on ongoing claim for damages filed by Gorman & Gavras against Japan Airlines, filed in the U.S. DISTRICT COURT OF GUAM, CIVIL CASE NO. 04-0028 dated June 8, 2004.

2. Assignor promises to keep Assignee fully informed as to the status and progress of the above referenced matters, and to answer Assignee's questions or concerns as pertain to the same.

3. Assignor promises to pay Assignee the amount of $50,000.00 within 3 working days of Assignor's receiving funds from the above referenced matters.

4. Assignor acknowledges and agrees that the Assignee can assign to another person or entity his rights and interest in and to this Assignment Agreement without the necessity of obtaining Assignor's approval.

ASSIGNOR:

_____
ROBERT J. DEL ROSARIO

ASSIGNEE:

_____
RICARDO J. CARDINES
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

ASSIGNEE:

_____
ROSE J. ALVARO
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

Assignment Agreement
Between Robert J. Del Rosario and Ricardo J. Cardines and Rose J. Alvaro

GUAM, U.S.A.                    )
                               ) SS:
CITY OF HAGATNA                 )

On this 21st day of March, 2005 between me a Notary Public in and for Guam, U.S.A., personally appeared before me Robert J. Del Rosario, Assignor, known to me to be the person whose name is subscribed to the foregoing Assignment Agreement and after the contents thereof had been read and understood, he acknowledged to me that he signed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal and year first above written.

_____
NOTARY PUBLIC

GUAM, U.S.A.                    )
                               ) SS:
CITY OF HAGATNA                 )

ANTONIO C. HERRERA
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: Feb. 7 2009
P O. Box 76104 Tamuning, Guam 96931

On this 21st day of March, 2005 between me a Notary Public in and for Guam, U.S.A., personally appeared to me Ricardo J. Cardines and Rose J. Alvaro known to me to be the person whose names are subscribed to the foregoing Assignment Agreement and after the contents therein had been read and understood, he acknowledged to me that they signed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal and year first written above.

_____
NOTARY PUBLIC

ANTONIO C. HERRERA
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: Feb. 7 2009
P O. Box 76104 Tamuning, Guam 96931

## GUARANTY AGREEMENT

I, ROBERT J. DEL ROSARIO, hereby personally Guaranty to RICARDO J.
CARDINES and ROSE J. ALVARO payment of all sums due, or that may become due to
them pursuant to the Assignment Agreement by and between myself and RICARDO J.
CARDINES and ROSE J. ALVARO dated March 21, 2005and that this includes a
guarantee of full payment of $50,000.00 shall be drawn from my interest on ongoing
claim for damages filed by my counsel, Gorman & Gavras against Japan Airlines.

This Guaranty Agreement is made in consideration of the Promissory Note by and
between myself and Ricardo J. Cardines and Rose J. Alvaro dated March 21st, 2005 and
the financial consideration set forth herein in favor of myself, ROBERT J. DEL
ROSARIO.

**IT IS AGREED THIS 21st DAY OF MARCH, 2005.**

**GUARANTOR:**

**ROBERT J. DEL ROSARIO**

**GUARANTEE:**

**RICARDO J. CARDINES**

**GUARANTEE:**

**ROSE J. ALVARO**                    **WITNESS**          3/22/05

# ASSIGNMENT AGREEMENT

This Assignment Agreement is made this 13th day of August, 2005, by and between ROBERT J. DEL ROSARIO of P.O Box 7394 Tamuning, Guam 96931 (hereinafter referred to as the "ASSIGNOR") and Rose J. Alvaro whose mailing address is P.O Box 27755 GMF Barrigada, Guam 96921 (hereinafter referred to as the "ASSIGNEE").

WHEREAS, Assignee has provided good and valuable consideration to Assignor by virtue of the promissory note of Assignor unto Assignee, of even date herein, Assignor does hereby make the following Assignment unto the Assignee.

1. Assignor pledges and assigns to Assignee the amount of $150,000.00 of Assignor's interest on ongoing claim for damages filed by Gorman & Gavras against Japan Airlines, filed in the U.S. DISTRICT COURT OF GUAM, CIVIL CASE NO. 04-0028 dated June 8, 2004.

2. Assignor promises to keep Assignee fully informed as to the status and progress of the above referenced matters, and to answer Assignee's questions or concerns as pertain to the same.

3. Assignor promises to pay Assignee the amount of $150,000.00 within 3 working days of Assignor's receiving funds from the above referenced matters.

4. Assignor acknowledges and agrees that the Assignee can assign to another person or entity his rights and interest in and to this Assignment Agreement without the necessity of obtaining Assignor's approval.

ASSIGNOR:

_____
ROBERT J. DEL ROSARIO

ASSIGNEE:                                        WITNESS:

_____        _____
ROSE J. ALVARO

# GUARANTY AGREEMENT

I, ROBERT J. DEL ROSARIO, hereby personally Guaranty to ROSE J. ALVARO payment of all sums due, or that may become due to them pursuant to the Assignment Agreement by and between myself and ROSE J. ALVARO dated August 13th, 2005 and that this includes a guarantee of full payment of $150,000.00 shall be drawn from my interest on ongoing claim for damages filed by my counsel, Gorman & Gavras against Japan Airlines.

This Guaranty Agreement is made in consideration of the Promissory Note by and between myself and Rose J. Alvaro dated August 13th, 2005 and the financial consideration set forth herein in favor of myself, ROBERT J. DEL ROSARIO.

**IT IS AGREED THIS 13TH DAY OF AUGUST, 2005.**

GUARANTOR:

_____
**ROBERT J. DEL ROSARIO**

GUARANTEE:

_____
**ROSE J. ALVARO**

_____
**WITNESS**

Assignment Agreement
Between Robert J. Del Rosario and Rose J. Alvaro

GUAM, U.S.A.                    )
                               ) SS:
CITY OF HAGATNA                )

On this 13th day of August, 2005 between me a Notary Public in and for Guam, U.S.A., personally appeared before me Robert J. Del Rosario, Assignor, known to me to be the person whose name is subscribed to the foregoing Assignment Agreement and after the contents thereof had been read and understood, he acknowledged to me that he signed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal and year first above written.

_____
NOTARY PUBLIC

PRIMO B. CABURIAN
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: November 27, 2005
P.O. Box 238 Agana Guam 96910

GUAM, U.S.A.                    )
                               ) SS:
CITY OF HAGATNA                )

On this 13th day of August, 2005 between me a Notary Public in and for Guam, U.S.A., personally appeared to me Rose J. Alvaro known to me to be the person whose names are subscribed to the foregoing Assignment Agreement and after the contents therein had been read and understood, he acknowledged to me that they signed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal and year first written above.

_____
NOTARY PUBLIC

PRIMO B. CABURIAN
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: November 27, 2005
P.O. Box 238 Agana Guam 96910

# DECLARATION

I, _CAROLINE J. CARDINES_ , hereby declare as follows;

On or about _April 1, 2005_ , Mr. Del Rosario guaranteed me that there was $3 million dollars in the bank for distribution and that payment to me would be made _with in 3 working days_ in exchange for an Assignment Agreement. Mr. Del Rosario further assured me that he would keep me informed of the status of the case. Mr. Del Rosario further told me that he would be going to Hawaii and San Francisco, California to sign documents to settle the suit against Japan Airlines and that he would be receiving the settlement amount of $3 million which is deposited in a bank account for his disposition. Mr. Del Rosario has since relocated to the Philippines and has not taken the initiative to make contact with me as stipulated on the Assignment Agreement. Mr. Del Rosario had also changed his cellular phone numbers and nowhere to be found, thereby refusing to communicate with me.

I declare that I have firsthand knowledge of the foregoing facts, that I have read the foregoing statement and that the information contained herein is true and correct to the best of my knowledge and belief, and declaration is executed under penalty of perjury on _3 - 17 - 08_ .


_CAROLINE J. CARDINES_
Name {Print}

_____
Signature

# ASSIGNMENT AGREEMENT

This Assignment Agreement is made this 1st day of April, 2005, by and between ROBERT J. DEL ROSARIO of P.O Box 7394 Tamuning, Guam 96931 (hereinafter referred to as the "ASSIGNOR") and CAROLINE J. CARDINES and ROSE ALVARO whose mailing address is P.O Box 27755 GMF Barrigada, Guam 96921 (hereinafter referred to as the "ASSIGNEE").

WHEREAS, Assignee has provided good and valuable consideration to Assignor by virtue of the promissory note of Assignor unto Assignee, of even date herein, Assignor does hereby make the following Assignment unto the Assignee.

1. Assignor pledges and assigns to Assignee the amount of $50,000.00 of Assignor's interest on ongoing claim for damages filed by Gorman & Gavras against Japan Airlines, filed in the U.S. DISTRICT COURT OF GUAM, CIVIL CASE NO. 04-0028 dated June 8, 2004.

2. Assignor promises to keep Assignee fully informed as to the status and progress of the above referenced matters, and to answer Assignee's questions or concerns as pertain to the same.

3. Assignor promises to pay Assignee the amount of $50,000.00 within 3 working days of Assignor's receiving funds from the above referenced matters.

4. Assignor acknowledges and agrees that the Assignee can assign to another person or entity his rights and interest in and to this Assignment Agreement without the necessity of obtaining Assignor's approval.

ASSIGNOR:

_____
ROBERT J. DEL ROSARIO

ASSIGNEE:                                          ASSIGNEE:

_____          _____
CAROLINE J. CARDINES                          ROSE ALVARO

# GUARANTY AGREEMENT

I, ROBERT J. DEL ROSARIO, hereby personally Guaranty to CAROLINE J.

CARDINES and ROSE ALVARO payment of all sums due, or that may become due

to them pursuant to the Assignment Agreement by and between myself CAROLINE J.

CARDINES and ROSE ALVARO and dated April 1st, 2005and that this includes a

guarantee of full payment of $50,000.00 shall be drawn from my interest on ongoing

claim for damages filed by my counsel, Gorman & Gavras against Japan Airlines.

This Guaranty Agreement is made in consideration of the Promissory Note by and

between myself and Caroline J. Cardines and Rose Alvaro dated April 1st, 2005 and

the financial consideration set forth herein in favor of myself, ROBERT J. DEL

ROSARIO.

**IT IS AGREED THIS 1st DAY OF APRIL, 2005.**

GUARANTOR:

_____
**ROBERT J. DEL ROSARIO**

GUARANTEE:

_____
**CAROLINE J. CARDINES**

GUARANTEE:

_____
**ROSE ALVARO**

_____
**WITNESS**

Assignment Agreement
Between Robert J. Del Rosario and Caroline J. Cardines and Rose Alvaro

GUAM, U.S.A.                )
                            ) SS:
CITY OF HAGATNA             )


On this 1st day of April, 2005 between me a Notary Public in and for Guam, U.S.A., personally appeared before me Robert J. Del Rosario, Assignor, known to me to be the person whose name is subscribed to the foregoing Assignment Agreement and after the contents thereof had been read and understood, he acknowledged to me that he signed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal and year first above written.

RUSSELL R. YOUNG
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: October 7, 2007
1270 N. Marine Dr. Ste. 101
Tamuning, Guam 96913

NOTARY PUBLIC


GUAM, U.S.A.                )
                            ) SS:
CITY OF HAGATNA             )


On this 1st day of April, 2005 between me a Notary Public in and for Guam, U.S.A., personally appeared to me Caroline J. Cardines and Rose Alvaro known to me to be the person whose names are subscribed to the foregoing Assignment Agreement and after the contents therein had been read and understood, he acknowledged to me that they signed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal and year first written above.

RUSSELL R. YOUNG
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: October 7, 2007
1270 N. Marine Dr. Ste. 101
Tamuning, Guam 96913

NOTARY PUBLIC

# DECLARATION

I, _Josephine J. Calope_ , hereby declare as follows;

On or about _April 1, 2005_, Mr. Del Rosario guaranteed me that there was $3 million dollars in the bank for distribution and that payment to me would be made _w/in 3 working days_ in exchange for an Assignment Agreement. Mr. Del Rosario further assured me that he would keep me informed of the status of the case. Mr. Del Rosario further told me that he would be going to Hawaii and San Francisco, California to sign documents to settle the suit against Japan Airlines and that he would be receiving the settlement amount of $3 million which is deposited in a bank account for his disposition. Mr. Del Rosario has since relocated to the Philippines and has not taken the initiative to make contact with me as stipulated on the Assignment Agreement. Mr. Del Rosario had also changed his cellular phone numbers and nowhere to be found, thereby refusing to communicate with me.

I declare that I have firsthand knowledge of the foregoing facts, that I have read the foregoing statement and that the information contained herein is true and correct to the best of my knowledge and belief, and declaration is executed under penalty of perjury on _3 -17-08_ .


_JOSEPHINE J. Calope_
Name {Print}

_Josephine Calope_
Signature

# GUARANTY AGREEMENT

I, ROBERT J. DEL ROSARIO, hereby personally Guaranty to JOSEPHINE J.

GALOPE and ROSE ALVARO payment of all sums due, or that may become due to

them pursuant to the Assignment Agreement by and between myself JOSEPHINE J.

GALOPE and ROSE ALVARO and dated April 1st, 2005and that this includes a

guarantee of full payment of $50,000.00 shall be drawn from my interest on ongoing

claim for damages filed by my counsel, Gorman & Gavras against Japan Airlines.

This Guaranty Agreement is made in consideration of the Promissory Note by and

between myself and Josephine J. Galope and Rose Alvaro dated April 1st , 2005 and the

financial consideration set forth herein in favor of myself, ROBERT J. DEL ROSARIO.

**IT IS AGREED THIS 1st DAY OF APRIL, 2005.**

**GUARANTOR:**

_____

**ROBERT J. DEL ROSARIO**

**GUARANTEE:**

_____

**JOSEPHINE J. GALOPE**

**GUARANTEE:**

_____
**ROSE ALVARO**

_____
**WITNESS**

## ASSIGNMENT AGREEMENT

This Assignment Agreement is made this 1st day of April, 2005, by and between ROBERT J. DEL ROSARIO of P.O Box 7394 Tamuning, Guam 96931 (hereinafter referred to as the "ASSIGNOR") and JOSEPHINE J. GALOPE and ROSE ALVARO whose mailing address is P.O Box 27755 GMF Barrigada, Guam 96921 (hereinafter referred to as the "ASSIGNEE").

WHEREAS, Assignee has provided good and valuable consideration to Assignor by virtue of the promissory note of Assignor unto Assignee, of even date herein, Assignor does hereby make the following Assignment unto the Assignee.

1. Assignor pledges and assigns to Assignee the amount of $50,000.00 of Assignor's interest on ongoing claim for damages filed by Gorman & Gavras against Japan Airlines, filed in the U.S. DISTRICT COURT OF GUAM, CIVIL CASE NO. 04-0028 dated June 8, 2004.

2. Assignor promises to keep Assignee fully informed as to the status and progress of the above referenced matters, and to answer Assignee's questions or concerns as pertain to the same.

3. Assignor promises to pay Assignee the amount of $50,000.00 within 3 working days of Assignor's receiving funds from the above referenced matters.

4. Assignor acknowledges and agrees that the Assignee can assign to another person or entity his rights and interest in and to this Assignment Agreement without the necessity of obtaining Assignor's approval.

ASSIGNOR:

_____
ROBERT J. DEL ROSARIO

ASSIGNEE:                                    ASSIGNEE:

_____      _____
JOSEPHINE J. GALOPE                          ROSE ALVARO

Assignment Agreement
Between Robert J. Del Rosario and Josephine J. Galope and Rose Alvaro

GUAM, U.S.A.             )
                                  ) SS:

CITY OF HAGATNA        )

         On this 1st day of April, 2005 between me a Notary Public in and for Guam, U.S.A., personally appeared before me Robert J. Del Rosario, Assignor, known to me to be the person whose name is subscribed to the foregoing Assignment Agreement and after the contents thereof had been read and understood, he acknowledged to me that he signed the same.

         IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal and year first above written.

```
RUSSELL R. YOUNG
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: October 7. 2007
1270 N. Marine Dr. Ste. 101
Tamuning. Guam 96913
```

_Russell R. Young_
NOTARY PUBLIC

GUAM, U.S.A.             )
                                  ) SS:

CITY OF HAGATNA        )

         On this 1st day of April, 2005 between me a Notary Public in and for Guam, U.S.A., personally appeared to me Josephine J. Galope and Rose Alvaro known to me to be the person whose names are subscribed to the foregoing Assignment Agreement and after the contents therein had been read and understood, he acknowledged to me that they signed the same.

         IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal and year first written above.

```
RUSSELL R. YOUNG
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: October 7. 2007
1270 N. Marine Dr. Ste. 101
Tamuning. Guam 96913
```

_Russell R. Young_
NOTARY PUBLIC

# DECLARATION

I, _Conie J. Cerezo_, hereby declare as follows;

On or about _July 5, 2005_, Mr. Del Rosario guaranteed me that there was $3 million dollars in the bank, for distribution and that payment to me would be made _W/in 3 working days_ in exchange for an Assignment Agreement. Mr. Del Rosario further assured me that he would keep me informed of the status of the case. Mr. Del Rosario further told me that he would be going to Hawaii and San Francisco, California to sign documents to settle the suit against Japan Airlines and that he would be receiving the settlement amount of $3 million which is deposited in a bank account for his disposition. Mr. Del Rosario has since relocated to the Philippines and has not taken the initiative to make contact with me as stipulated on the Assignment Agreement. Mr. Del Rosario had also changed his cellular phone numbers and nowhere to be found, thereby refusing to communicate with me.

I declare that I have firsthand knowledge of the foregoing facts, that I have read the foregoing statement and that the information contained herein is true and correct to the best of my knowledge and belief, and declaration is executed under penalty of perjury on _3-17-08_.


_CONIE J. CEREZO_                    _Conie J. Cerezo_
Name {Print}                          Signature

## ASSIGNMENT AGREEMENT

This Assignment Agreement is made this 05th day of July, 2005, by and between ROBERT J. DEL ROSARIO of P.O Box 7394 Tamuning, Guam 96931 (hereinafter referred to as the "ASSIGNOR") and Conie J. Zerezo SS. NO (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) whose mailing address is P.O Box 27755 GMF Barrrigada, Guam 96921 (hereinafter referred to as the "ASSIGNEE").

WHEREAS, Assignee has provided good and valuable consideration to Assignor by virtue of the promissory note of Assignor unto Assignee, of even date herein, Assignor does hereby make the following Assignment unto the Assignee.

1. Assignor pledges and assigns to Assignee the amount of $50,000.00 of Assignor's interest on ongoing claim for damages filed by Gorman & Gavras against Japan Airlines, filed in the U.S. DISTRICT COURT OF GUAM, CIVIL CASE NO. 04-0028 dated June 8, 2004.

2. Assignor promises to keep Assignee fully informed as to the status and progress of the above referenced matters, and to answer Assignee's questions or concerns as pertain to the same.

3. Assignor promises to pay Assignee the amount of $50,000.00 within 3 working days of Assignor's receiving funds from the above referenced matters.

4. Assignor acknowledges and agrees that the Assignee can assign to another person or entity his rights and interest in and to this Assignment Agreement without the necessity of obtaining Assignor's approval.

ASSIGNOR:

_____

ROBERT J. DEL ROSARIO

ASSIGNEE:                                        WITNESS:

_____        _____

CONIE J. ZEREZO
CEREZO

# GUARANTY AGREEMENT

I, ROBERT J. DEL ROSARIO, hereby personally Guaranty to CONIE J. ZEREZO payment of all sums due, or that may become due to them pursuant to the Assignment Agreement by and between myself and CONIE J. ZEREZO dated July 05th, 2005 and that this includes a guarantee of full payment of $50,000.00 shall be drawn from my interest on ongoing claim for damages filed by my counsel, Gorman & Gavras against Japan Airlines.

This Guaranty Agreement is made in consideration of the Promissory Note by and between myself and Conie J. Zerezo dated July 05th, 2005 and the financial consideration set forth herein in favor of myself, ROBERT J. DEL ROSARIO.

IT IS AGREED THIS 05TH DAY OF JULY, 2005.

GUARANTOR:

**ROBERT J. DEL ROSARIO**

GUARANTEE:

**CONIE J. ZEREZO**

**WITNESS**

Assignment Agreement
Between Robert J. Del Rosario and Conie J. Zerezo

GUAM, U.S.A.                    )
                               ) SS:
CITY OF HAGATNA                 )


On this 05th day of July, 2005 between me a Notary Public in and for Guam,
U.S.A., personally appeared before me Robert J. Del Rosario, Assignor, known to me to
be the person whose name is subscribed to the foregoing Assignment Agreement and
after the contents thereof had been read and understood, he acknowledged to me that he
signed the same.

        IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official
seal and year first above written.


                                    _____
                                    NOTARY PUBLIC

                                    PRIMO B. CABURIAN
                                    NOTARY PUBLIC
                                    In and for Guam, U.S.A.
                                    My Commission Expires: November 29, 2005
                                    P.O. Box 238 Agana Guam 96910


GUAM, U.S.A.                    )
                               ) SS:
CITY OF HAGATNA                 )


On this 05th day of July, 2005 between me a Notary Public in and for Guam,
U.S.A., personally appeared to me Conie J. Zerezo known to me to be the person whose
names are subscribed to the foregoing Assignment Agreement and after the contents
therein had been read and understood, he acknowledged to me that they signed the same.

        IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official
seal and year first written above.


                                    _____
                                    NOTARY PUBLIC

                                    PRIMO B. CABURIAN
                                    NOTARY PUBLIC
                                    In and for Guam, U.S.A.
                                    My Commission Expires: November 27, 2005
                                    P.O. Box 238 Agana Guam 96910

# DECLARATION

I, ___RONIE J. GARDINES___, hereby declare as follows;

On or about ___April 1, 2005___, Mr. Del Rosario guaranteed me that there was $3 million dollars in the bank for distribution and that payment to me would be made ___with in three working days___ in exchange for an Assignment Agreement. Mr. Del Rosario further assured me that he would keep me informed of the status of the case. Mr. Del Rosario further told me that he would be going to Hawaii and San Francisco, California to sign documents to settle the suit against Japan Airlines and that he would be receiving the settlement amount of $3 million which is deposited in a bank account for his disposition. Mr. Del Rosario has since relocated to the Philippines and has not taken the initiative to make contact with me as stipulated on the Assignment Agreement. Mr. Del Rosario had also changed his cellular phone numbers and nowhere to be found, thereby refusing to communicate with me.

I declare that I have firsthand knowledge of the foregoing facts, that I have read the foregoing statement and that the information contained herein is true and correct to the best of my knowledge and belief, and declaration is executed under penalty of perjury on ___3-11-08___.

___RONIE J. GARDINES___
Name {Print}

_____
Signature

# ASSIGNMENT AGREEMENT

This Assignment Agreement is made this 05th day of July, 2005, by and between ROBERT J. DEL ROSARIO of P.O Box 7394 Tamuning, Guam 96931 (hereinafter referred to as the "ASSIGNOR") and Ronnie J. Cardines SS NO. (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) whose mailing address is P.O Box 27755 GMF Barrigada, Guam 969621 (hereinafter referred to as the "ASSIGNEE").

WHEREAS, Assignee has provided good and valuable consideration to Assignor by virtue of the promissory note of Assignor unto Assignee, of even date herein, Assignor does hereby make the following Assignment unto the Assignee.

1. Assignor pledges and assigns to Assignee the amount of $50,000.00 of Assignor's interest on ongoing claim for damages filed by Gorman & Gavras against Japan Airlines, filed in the U.S. DISTRICT COURT OF GUAM, CIVIL CASE NO. 04-0028 dated June 8, 2004.

2. Assignor promises to keep Assignee fully informed as to the status and progress of the above referenced matters, and to answer Assignee's questions or concerns as pertain to the same.

3. Assignor promises to pay Assignee the amount of $50,000.00 within 3 working days of Assignor's receiving funds from the above referenced matters.

4. Assignor acknowledges and agrees that the Assignee can assign to another person or entity his rights and interest in and to this Assignment Agreement without the necessity of obtaining Assignor's approval.

ASSIGNOR:

_____
ROBERT J. DEL ROSARIO

ASSIGNEE:                                                    WITNESS:

_____          _____
RONNIE J. CARDINES                                      Rose J. Alvarez

## GUARANTY AGREEMENT

I, ROBERT J. DEL ROSARIO, hereby personally Guaranty to RONNIE J.

CARDINES payment of all sums due, or that may become due to them pursuant

to the Assignment Agreement by and between myself and RONNIE J. CARDINES

dated July 05th, 2005 and that this includes a guarantee of full payment of

$50,000.00 shall be drawn from my interest on ongoing claim for damages filed by my

counsel, Gorman & Gavras against Japan Airlines.

This Guaranty Agreement is made in consideration of the Promissory Note by and

between myself and Ronnie J. Cardines dated July 05th, 2005 and the financial

consideration set forth herein in favor of myself, ROBERT J. DEL ROSARIO.

### IT IS AGREED THIS 05th DAY OF JULY, 2005.

GUARANTOR:

**ROBERT J. DEL ROSARIO**

GUARANTEE:

**RONNIE J. CARDINES**

Assignment Agreement
Between Robert J. Del Rosario and Ronnie J. Cardines

GUAM, U.S.A.                                )
                                            ) SS:
CITY OF HAGATNA                             )

On this 05th day of July, 2005 between me a Notary Public in and for Guam,
U.S.A., personally appeared before me Robert J. Del Rosario, Assignor, known to me to
be the person whose name is subscribed to the foregoing Assignment Agreement and
after the contents thereof had been read and understood, he acknowledged to me that he
signed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official
seal and year first above written.

_____
NOTARY PUBLIC

PRIMO B. CABURIAN
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: November 27, 2005
P.O. Box 238 Agana Guam 96910

GUAM, U.S.A.                                )
                                            ) SS:
CITY OF HAGATNA                             )

On this 05th day of July, 2005 between me a Notary Public in and for Guam,
U.S.A., personally appeared to me as Ronnie J. Cardines known to me to be the person
whose names are subscribed to the foregoing Assignment Agreement and after the
contents therein had been read and understood, he acknowledged to me that they signed
the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official
seal and year first written above.

_____
NOTARY PUBLIC

PRIMO B. CABURIAN
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: November 27, 2005
P.O. Box 238 Agana Guam 96910

# DECLARATION

I, _Edgar J. Cardines_ , hereby declare as follows;

On or about _July 5, 2005_ , Mr. Del Rosario guaranteed me that there was $3 million dollars in the bank for distribution and that payment to me would be made _w/in 3 working day_ in exchange for an Assignment Agreement. Mr. Del Rosario further assured me that he would keep me informed of the status of the case. Mr. Del Rosario further told me that he would be going to Hawaii and San Francisco, California to sign documents to settle the suit against Japan Airlines and that he would be receiving the settlement amount of $3 million which is deposited in a bank account for his disposition. Mr. Del Rosario has since relocated to the Philippines and has not taken the initiative to make contact with me as stipulated on the Assignment Agreement. Mr. Del Rosario had also changed his cellular phone numbers and nowhere to be found, thereby refusing to communicate with me.

I declare that I have firsthand knowledge of the foregoing facts, that I have read the foregoing statement and that the information contained herein is true and correct to the best of my knowledge and belief, and declaration is executed under penalty of perjury on _3-17-08_ .


_Edgar J. Cardines_
Name {Print}

_Edgar J. Cardines_
Signature

# ASSIGNMENT AGREEMENT

This Assignment Agreement is made this 05th day of July, 2005, by and between ROBERT J. DEL ROSARIO of P.O Box 7394 Tamuning, Guam 96931 (hereinafter referred to as the "ASSIGNOR") and EDGAR J.CARDINES SS. NO (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) whose mailing address is P.O Box 27755 GMF Barrigada, Guam 96921 (hereinafter referred to as the "ASSIGNEE").

WHEREAS, Assignee has provided good and valuable consideration to Assignor by virtue of the promissory note of Assignor unto Assignee, of even date herein, Assignor does hereby make the following Assignment unto the Assignee.

1. Assignor pledges and assigns to Assignee the amount of $50,000.00 of Assignor's interest on ongoing claim for damages filed by Gorman & Gavras against Japan Airlines, filed in the U.S. DISTRICT COURT OF GUAM, CIVIL CASE NO. 04-0028 dated June 8, 2004.

2. Assignor promises to keep Assignee fully informed as to the status and progress of the above referenced matters, and to answer Assignee's questions or concerns as pertain to the same.

3. Assignor promises to pay Assignee the amount of $50,000.00 within 3 working days of Assignor's receiving funds from the above referenced matters.

4. Assignor acknowledges and agrees that the Assignee can assign to another person or entity his rights and interest in and to this Assignment Agreement without the necessity of obtaining Assignor's approval.

ASSIGNOR:

_____
ROBERT J. DEL ROSARIO

ASSIGNEE:                                          WITNESS:

_____          _____
EDGAR J. CARDINES

# GUARANTY AGREEMENT

I, ROBERT J. DEL ROSARIO, hereby personally Guaranty to EDGAR J.CARDINES payment of all sums due, or that may become due to them pursuant to the Assignment Agreement by and between myself and EDGAR J. CARDINES dated July 05th, 2005 and that this includes a guarantee of full payment of $50,000.00 shall be drawn from my interest on ongoing claim for damages filed by my counsel, Gorman & Gavras against Japan Airlines.

This Guaranty Agreement is made in consideration of the Promissory Note by and between myself and Edgar J. Cardines dated July 05th, 2005 and the financial consideration set forth herein in favor of myself, ROBERT J. DEL ROSARIO.

**IT IS AGREED THIS 05TH DAY OF JULY, 2005.**

**GUARANTOR:**

ROBERT J. DEL ROSARIO

**GUARANTEE:**

EDGAR J. CARDINES

WITNESS

Assignment Agreement
Between Robert J. Del Rosario and Edgar J. Cardines

GUAM, U.S.A.                          )
                                      ) SS:
CITY OF HAGATNA                       )

On this 05th day of July, 2005 between me a Notary Public in and for Guam,
U.S.A., personally appeared before me Robert J. Del Rosario, Assignor, known to me to
be the person whose name is subscribed to the foregoing Assignment Agreement and
after the contents thereof had been read and understood, he acknowledged to me that he
signed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official
seal and year first above written.

_____
NOTARY PUBLIC

**PRIMO B. CABURIAN**
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: November 27, 2005
P.O. Box 238 Agana Guam 96910

GUAM, U.S.A.                          )
                                      ) SS:
CITY OF HAGATNA                       )

On this 05th day of July, 2005 between me a Notary Public in and for Guam,
U.S.A., personally appeared to me Edgar J. Cardines known to me to be the person whose
names are subscribed to the foregoing Assignment Agreement and after the contents
therein had been read and understood, he acknowledged to me that they signed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official
seal and year first written above.

_____
NOTARY PUBLIC

**PRIMO B. CABURIAN**
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: November 27, 2005
P.O. Box 238 Agana Guam 96910

## ASSIGNMENT AGREEMENT

This Assignment Agreement is made this 2nd day of May, 2006 by and between ROBERT J. DEL ROSARIO of P.O Box 7394 Tamuning, Guam 96931 (hereinafter referred to as the "ASSIGNOR") and JOVITO T. JASMIN and DOLORES G. JASMIN whose mailing address is PNB 659 Suite 101,1270 Marine Corps. Drive 96913 (hereinafter referred to as the "ASSIGNEE").

WHEREAS, Assignee has provided good and valuable consideration to Assignor by virtue of the promissory note of Assignor unto Assignee, of even date herein, Assignor does hereby make the following Assignment unto the Assignee.

1. Assignor pledges and assigns to Assignee the amount of $150,000.00 of Assignor's interest on ongoing claim for damages filed by counsel against Japan Airlines, filed in the U.S. DISTRICT COURT OF GUAM, CIVIL CASE NO. 04-0028 dated June 8, 2004.

2. Assignor promises to keep Assignee fully informed as to the status and progress of the above referenced matters, and to answer Assignee's questions or concerns as pertain to the same.

3. Assignor promises to pay Assignee the amount of $150,000.00 within 3 working days of Assignor's receiving funds from the above referenced matters.

4. Assignor acknowledges and agrees that the Assignee can assign to another person or entity his rights and interest in and to this Assignment Agreement without the necessity of obtaining Assignor's approval.

ASSIGNOR:

_____

ROBERT J. DEL ROSARIO
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

ASSIGNEE:

_____

JOVITO T. JASMIN
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

ASSIGNEE:

_____

DOLORES G. JASMIN
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

Assignment Agreement
Between Robert J. Del Rosario and Jovito T. Jasmin and Dolores G. Jasmin

GUAM, U.S.A.                     )
                                 ) SS:
CITY OF HAGATNA                  )

On this 2nd day of May, 2006 between me a Notary Public in and for Guam, U.S.A., personally appeared before me Robert J. Del Rosario, Assignor, known to me to be the person whose name is subscribed to the foregoing Assignment Agreement and after the contents thereof had been read and understood, he acknowledged to me that he signed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal and year first above written.

_____
NOTARY PUBLIC

PRIMO B. CABURIAN
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: Dec. 12, 2009
P.O. Box 238 Hagatna, Guam  96932

GUAM, U.S.A.                     )
                                 ) SS:
CITY OF HAGATNA                  )

On this 2nd day of May, 2006 between me a Notary Public in and for Guam, U.S.A., personally appeared to me Jovito T. Jasmin and Dolores G. Jasmin known to me to be the person whose names are subscribed to the foregoing Assignment Agreement and after the contents therein had been read and understood, he acknowledged to me that they signed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal and year first written above.

_____
NOTARY PUBLIC

PRIMO B. CABURIAN
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: Dec. 12, 2009
P.O. Box 238 Hagatna, Guam  96932

## GUARANTY AGREEMENT

I, ROBERT J. DEL ROSARIO, hereby personally Guaranty to JOVITO T.

JASMIN and DOLORES G. JASMIN payment of all sums due, or that may become

due to them pursuant to the Assignment Agreement by and between myself JOVITO T.

JASMIN and DOLORES G. JASMIN dated May 02, 2006 and that this includes a

guarantee of full payment of $150,000.00 shall be drawn from my interest on ongoing

claim for damages filed by my counsel against Japan Airlines.

This Guaranty Agreement is made in consideration of the Promissory Note by and

between myself and Jovito T. Jasmin and Dolores G. Jasmin dated May 2nd, 2006

and the financial consideration set forth herein in favor of myself, ROBERT J. DEL

ROSARIO.

**IT IS AGREED THIS 2nd day of MAY, 2006.**

GUARANTOR:

**ROBERT J. DEL ROSARIO**
**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**

GUARANTEE:

**JOVITO T. JASMIN**
**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**

WITNESS

GUARANTEE:

**DOLORES G. JASMIN**
**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**

# DECLARATION

I, Jovito T. Jasmin, hereby declare as follows;

On May 2, 2006 , Mr. Del Rosario guaranteed me {through a Notarized ASSIGNMENT AGREEMENT Affidavit} that he would pay me $150,000.00 dollars {after giving him $10,000.00 to assist with his attorney's fees} within three {3} working days upon receiving funds from his Law Suit against Japan Airlines, as witnessed by my wife, Dolores G. Jasmin. Mr. Del Rosario further related that there is $3 million dollars already deposited in a bank account readily available and at his disposal, however, Mr. Del Rosario also informed me that he is not accepting the offer as he was suing Japan Airlines for a higher amount somewhere from $10 to $15 million dollars, which is under the U.S. Court of Appeals.

Mr. Del Rosario further assured me that he would keep me informed of the status of the case. Mr. Del Rosario further told me that he would be going to Hawaii and San Francisco, California to sign documents to settle the suit against Japan Airlines and that he would be receiving the settlement amount as per his claim. Months have passed whereby, he has not been providing correct information and shortly after that, Mr. Del Rosario has relocated to the Philippines and has not taken the initiative to make contact with me as stipulated on the Assignment Agreement. Mr. Del Rosario had also changed his cellular phone numbers and nowhere to be found, thereby refusing to communicate with me.

I declare that I have firsthand knowledge of the foregoing facts, that I have read the foregoing statement and that the information contained herein is true and correct to the best of my knowledge and belief, and declaration is executed under penalty of perjury on _____ 3-19-08 _____.

_____
JOVITO T. JASMIN

## STATEMENT PROVIDED BY JOVITO T. JASMIN REGARDING DECEIT AND FRAUD COMMITTED BY ROBERT DEL ROSARIO.

Prior to May 2, 2006, Robert J. Del Rosario {family friend} and I, engaged in conversation and offered a proposal whereby I could lend him $10,000.00 dollars for his expenses on attorney's fees as he was suing Japan Airlines for personal injury he sustained during a flight he took from Guam to Japan. That during his flight to Japan he was injured and as such, he was subsequently suing the Airline company for millions of dollars.

That he hired Howard Trapp as his attorney and is appealing his lawsuit through the 9th Circuit Court of Appeals because he did not accept a three {3} million dollar offer that was offered to him by the Airline. Robert showed me Court documents which he took back right away, where, I did not have ample time to review it and then told me that the 3 million dollars was deposited in a bank account whereby if he accepted the offer, he could have access to it at any time, however, he refused the offer and instead was suing the Airline somewhere, between 10 to 15 million dollars instead that's why he hired Trapp to pursue his lawsuit. Robert also stated that he can stop his lawsuit and still collect 3 million dollars. That the lawsuit would be settled within three {3} months or less. That I had his assurance it would be settled within that time frame.

He offered that if I agreed to lend him $10,000.00, he would execute a Notarized Assignment Agreement Affidavit stipulating that he would give me $150,000.00 dollars within three {3} working days upon receipt of his claim. That part of the Agreement, that he would keep me informed of the status and progress of the lawsuit. My wife and I later discussed the offer and we agreed to accept it.

On May 2, 2006; we {my wife, Dolores G. Jasmin and I } met with Robert and agreed with his offer and terms. On that same day, we picked him {Robert} up at a friends house {Domino Bruan} in Dededo area. From there, we went to a Notary Public office, whereby Robert executed the Affidavit of Assignment Agreement for my wife and I, and was subsequently notarized. Shortly after receiving the document, Robert kept his copy and he also provided us with our original copy of the document and we then gave Robert $10,000.00 dollars in cash. The money was cashed advanced from my American Express Credit {Gold} Card account.

As the weeks passed, while he was still on Guam, I had contact with Robert, whereby most of the calls were initiated by me and that he was informing me that he was still awaiting final decision with the courts and not to worry and assured me that he would win the case.

I then asked for specific details on the status and he was somewhat reluctant to answer my inquiries. There were times as well that I was not able to make contact as he was either in the Philippines or Japan. Robert flew in and out of Guam without any form of notification, thereby leaving me in without progress report. Few months have passed and no word or further information on the status of the case to the point where I had to go to Trapp's office to inquire Roberts whereabouts and status of the case.

Unfortunately, I could not receive any information on the status of the case and was only told to leave my name and contact number. Few month or so later, I received a phone call from Robert who informed me that he had just got back from the Philippines and told me that he is still awaiting information from Trapp. I then told him that I would like to accompany him to Trapp's office to inquire the status of the case. Robert then gave me the run-around making all sorts of excuses so we did not have to visit his attorney. At one point, I met with Robert who informed me that he was preparing to go to Hawaii and San Francisco, California, to sign documents as he had won his case and that the Courts just needed his signature to finalize the claim. He never left and instead, I later received information the he flew to the Philippines instead.

Months again past, whereby I later learned through acquaintances that Robert was again in the Philippines. No initial contact was made although I eventually managed to obtain a contact phone number, my calls were unsuccessful as it was not answered. I was eventually successful in making contact with Robert while he was still in the Philippines, however, he again gave me the run-around and was avoiding my inquiries.

Months have passed, still no update or any status of progress of the lawsuit and Robert was not cooperating relative to the stipulations as set forth in the Assignment Agreement and was not informing me the status of the lawsuit and was for the most part began to avoid my phone calls.

Mid part of 2007, I later learned that Robert was no longer residing in Guam, lost his personal belongings {property} and house. To this date, I and others that he have defrauded, deceived and swindled are in the process of locating him but to no avail. The information spreading around is that he is in hiding in the Philippines, Nueva Ecija Province and maybe returning to Guam just to collect his claim as his case was denied by the 9th Circuit Court.

2

Case 1:04-cv-00028   Document 110   Filed 04/02/2008   Page 37 of 38
Case 1:04-cv-00028   Document 115   Filed 05/05/2008   Page 37 of

STATEMENT PROVIDED BY JOVITO T. JASMIN RE: ROBERT J. DEL ROSARIO

Sometime in December of 2007, a final decision was handed down by the Courts that he lost his appeal and reaffirmed the U.S. District Courts decision in that he would receive the original settlement amount offered by Japan Airlines in the amount of $175,000.00. He might be returning to Guam to collect the settlement and subsequently go back into hiding as he is avoiding other individuals because he also borrowed money from them thereby deceiving them as well giving them the same false impression he posed to me. That he also signed several other Assignment Agreements with other individuals. One other individual who is called "Mr. Paul", owner of Paul's Tailor in Tamuning, whom I recently spoke to, who told me that he lend over $50,000.00 dollars to Robert with the same stipulations on the Agreement. Other information was disclosed that Robert borrowed close to $300,000.00 from several other individuals with the same type of Assignment Agreement knowing he would not get the claim he sought for, that's why he is in hiding and avoiding us.

Robert, after receiving my money and through limited discussions with him regarding the lawsuit and giving me false information and reassurances, never had any intention of holding his end of the Assignment Agreement and instead made every attempt to avoid making contact with me and the others that he victimized as he was hardly anywhere to be found nor did he even make any attempt to initiate contact with me and the others to update nor provide any progress report of the lawsuit and instead leisured himself in the Philippines at our expense. We were victims of his deceit and were swindled of thousands of dollars.

This statement is true and correct to the best of my knowledge and affirm its contents.

JOVITO T. JASMIN     3/19/08

3

Case 1:04-cv-00028     Document 110     Filed 04/02/2008     Page 38 of
Case 1:04-cv-00028     Document 115     Filed 05/05/2008     Page 38 of 38