CARLSMITH BALL LLP

DAVID LEDGER
dledger@carlsmith.com
ELYZE J. McDONALD
emcdonald@carlsmith.com
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Telephone No. 671.472.6813
Facsimile No. 671.477.4375

Attorneys for Defendant
Japan Airlines International Co., Ltd.

# DISTRICT COURT OF GUAM

# TERRITORY OF GUAM

| | |
|---|---|
| **ROBERT J. DEL ROSARIO,** ) | **CIVIL CASE NO. 04-00028** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **JUDGMENT** |
| ) | |
| **JAPAN AIRLINES INT'L CO., LTD.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

This matter is before the Court on the issue of enforcing the settlement agreement between Plaintiff and Defendant, and entering judgment thereon. The procedural background is as follows.

On August 9, 2006, after conducting an evidentiary hearing at which Plaintiff and Defendant appeared, called witnesses, and argued, the Court filed an Order GRANTING Defendant's Motion to Enforce Settlement concluding that on February 24, 2006, the Plaintiff

Robert J. Del Rosario and the Defendant Japan Airlines Int'l Co., Ltd. entered into a binding contract which settled all of Plaintiff's claims stated in this action. The consideration, which had previously been agreed to by Plaintiff and Defendant was $175,000.00

Thereafter, Plaintiff appealed the Order Granting Defendant's Motion To Enforce Settlement to the Ninth Circuit Court of Appeals. After briefs were filed, the Ninth Circuit, without oral argument, affirmed, and Defendant was prepared to tender the consideration for the settlement. However, Plaintiff was, and remains, unavailable to execute a settlement agreement, and likewise was, and remains, unavailable to execute a Stipulation For Dismissal With Prejudice. Diligent efforts to obtain Plaintiff's signature on such settlement and dismissal documents proved unsuccessful. As a result, the Parties sought a Status Conference with the Court. In particular, Defendant sought a *nunc pro tunc* judgment from the Court which, in effect, would have the same binding effect on the settlement as if Plaintiff had signed the settlement documents and a dismissal with prejudice, thereby forever releasing Defendant from any and all further liability to Plaintiff, for claims arising out of this action.

Defendant seeks the *nunc pro tunc* judgment over concerns that Plaintiff may again challenge the settlement and, either in this action or in a new action, seek to cause Defendant to pay more than the $175,000.00 Defendant will tender to the Court in settlement of Plaintiff's claims.[1] The Court finds that Defendant's concern over a possible second challenge to the settlement is well-founded and, accordingly, will address the matter as follows:

While recognizing that the Court's August 9, 2006 final order GRANTING Defendant's Motion To Enforce Settlement is equivalent to Judgment, now, therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Plaintiff and the Defendant entered into a binding contract to settle this action for $175,000.00; and

1   IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant
2 tender the settlement proceeds to the Clerk of Court not later than thirty (30) days from the date
3 of this Judgment.  Defendant may first deduct certain costs in the amount of $76.50 and tender
4 the balance in full satisfaction of the settlement amount.
5   IT IS SO ORDERED *Nunc Pro Tunc* to August 9, 2006.



**/s/ Joaquin V.E. Manibusan, Jr.**
   **U.S. Magistrate Judge**
**Dated: May 05, 2008**

---

[1] The Court notes that third-party claimants have lodged certain timely and valid claims to be paid out from the settlement proceeds, and that upon payment of such claims the settlement proceeds will be entirely exhausted, with Plaintiff having received nothing.

4827-2261-1458.1.051729-00006         3.