Michael D. Flynn, Jr., Esq.
**MAHER • YANZA • FLYNN • TIMBLIN, LLP**
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

Attorneys for HAYAO SUEHIRO

**FILED**
DISTRICT COURT OF GUAM

MAY 23 2008

JEANNE G. QUINATA
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

| | |
|---|---|
| ROBERT J. DEL ROSARIO, | CIVIL CASE NO. CIV04-~~000026~~ 00028 R.D. |
| Plaintiff, | |
| vs. | MEMORANDUM IN SUPPORT OF PRIORITY OF HAYAO SUEHIRO CLAIM OVER CLAIM OF GREGORY MILLER, D.C.; CERTIFICATE OF SERVICE |
| JAPAN AIRLINES INTERNATIONAL CO., LTD., | |
| Defendant. | |

At the April 4, 2008 hearing before this Court, following the concession of Attorney Mark Williams as to the priority of Hayao Suehiro's ("Suehiro") lien over the liens of Mr. William's clients, counsel for Suehiro addressed the priority of Suehiro's lien over the lien of Gregory Miller, D.C. ("Miller").

Thereafter, the Court indicated that upon the Court's issuing Judgment, and following the tender of $175,000.00 by Japan Airlines International Co., Ltd. ("JAL"), minus $76.50 in appellate costs, to the Clerk of Court, the Court would then issue an Order to disburse $38,384.99 of the tendered $175,000.00 to the Law Offices of William L. Gavras and disburse the remaining monies to Suehiro; provided, however,



1

that with respect to the remaining sum of funds to be disbursed to Suehiro, the Court might determine to hold a small portion of said funds, in the amount of Miller's claim or less, in reserve until the Court could determine whether Miller's claim, or any portion of Miller's claim, had priority over the secured interest of Suehiro.

For the benefit of the Court, counsel for Suehiro hereby restates, in writing, the application of Guam law to the facts of this matter, which law and facts make clear that Suehiro's lien has priority, and is superior, to that of Miller and makes absolutely clear that Miller's claim has no priority over the secured interest of Suehiro.

First, 18 G.C.A. §35401 provides that "Other things being equal, different liens upon the same property have priority according to their time of creation...." The Suehiro lien was created and attached on February 18, 2003. See, Exhibit "2", March 24, 2008 filed Affidavit of Michael D. Flynn, Jr. The Miller lien was created and attached on April 17, 2003—after the Suehiro lien was created and attached. See, March 27, 2008 filed Claim of Gregory Miller. As such, the Suehiro lien is superior in priority to the Miller lien by virtue of the date and time on which the Suehiro lien was created and attached to the settlement proceeds.

Second, 13 G.C.A. §9312(5)(a) provides that "Conflicting security interests rank according to priority in time of filing or perfection." Further, 13 G.C.A. §9312(5)(b) provides that "So long as conflicting security interests are unperfected, the first to attach has priority." Suehiro's lien was filed and perfected as to the world on April 13, 2007. See, Exhibit "4" and Exhibit "5", March 24, 2008 filed Affidavit of Michael D. Flynn, Jr. On the other hand, Miller never perfected his lien. As such, the Suehiro lien is superior in priority to the Miller lien by virtue of the date and time on which the Suehiro lien was perfected in the settlement proceeds.

Third, Suehiro reduced his claim to Judgment and perfected the Judgment through filing with this Court. Miller never reduced his claim to Judgment. In addition, Miller asserts a claim based on services allegedly first performed on October 10, 2002, almost six (6) years ago. Miller's claim faces, at the very least, an underlying defense on the 4-year statute of limitations, under 7 G.C.A. §11303.

Finally, there is no Guam statute or case law which moves Miller's tardily created and unperfected lien to a position in priority above Suehiro's perfected and earlier attached lien. As such, under Guam law, Suehiro must receive the entire remaining amount of the JAL tendered $175,000.00, following the application of $76.50 to JAL appellate costs and disbursement of $38,384.99 to the Law Offices of William L. Gavras.

## CONCLUSION

Based on the above-referenced law and facts of this matter, upon JAL's tender of the $175,000.00 in settlement proceeds, minus $76.50, to the Court, Hayao Suehiro respectfully requests the Court to immediately order $38,384.99 of the settlement proceeds to be disbursed to the Law Offices of William L. Gavras and the entire remaining amount be immediately disbursed to Hayao Suehiro.

Respectfully submitted this 23rd day of May, 2008.

**MAHER • YANZA • FLYNN • TIMBLIN, LLP**
Attorneys for **HAYAO SUEHIRO**

By: _____
MICHAEL D. FLYNN, JR., ESQ.

## CERTIFICATE OF SERVICE

I, Michael D. Flynn, Jr., hereby certify that on 23rd day of May, 2008, I caused to be sent by personal service or by facsimile, a copy of the annexed **Memorandum in Support of Priority of Hayao Suehiro Claim Over Claim of Gregory Miller, D.C.**, to the following parties at their place of business:

David P. Ledger, Esq.
**CARLSMITH BALL, LLP**
134 W. Soledad Avenue
Bank of Hawaii Bldg., Ste. 401
Hagatña, Guam 96910
Counsel for **JAPAN AIRLINES INTERNATIONAL CO., LTD.**

Howard G. Trapp, Esq.
**HOWARD TRAPP INCORPORATED**
200 Saylor Bldg.
139 Chalan Santo Papa
Hagatña, Guam 96910
Counsel for **ROBERT DEL ROSARIO**

William L. Gavras, Esq.
**LAW OFFICES OF WILLIAM L. GAVRAS**
101 Salisbury Street
Dededo, Guam 96929

Gregory J. Miller, D.C.
**MARIANAS CHIROPRACTIC CLINIC**
2078 Suite C, Route 16
Dededo, Guam 96929

Dated this 23rd day of May, 2008.

**MAHER • YANZA • FLYNN • TIMBLIN, LLP**
Attorneys for **HAYAO SUEHIRO**

By: _____
MICHAEL D. FLYNN, JR., ESQ.